Baederwood Center, Inc., Appellant, *v.* Putney.

Argued April 15, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

54

*Samuel H. High, Jr.,* with him *Wm. Barclay Lex,* for appellant.

*Donald A. Gallagher,* with him *Waters, Cooper & Gallagher,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, June 28, 1957:

This is an action in equity wherein plaintiff, Baederwood Center, Inc., sought to enjoin the defendant, Rydal-Meadowbrook Civic Association, its "officers, directors, servants and agents" (Michie and Hopkin, specifically named as defendants are the President and Secretary respectively of said Association) and one Putney, a local property owner, from proceeding with a notice of appeal taken to the granting of a purported building permit, and from themselves bringing, or "persuading any other person" to bring any action which would impede the granting of building permits on any of the land which had been the subject of a prior suit in the Court of Quarter Sessions of Montgomery County, and affirmed on appeal by the Superior Court.

On September 11, 1952, Ordinance 700 was adopted by the Board of Commissioners of Abington Township, Montgomery County, after appropriate petition and a hearing, rezoning some 51 acres of plaintiff's land from "V" residential (it had been the former Baederwood Golf Club) to "F" commercial. The defendant Civic Association and several individuals thereupon filed a complaint in the Court of Quarter Sessions to test the legality of that amendment to the zoning ordinance, as provided for in Section 1502 of The First Class Town-

ship Code, Act of June 24, 1931, P. L. 1206, 53 PS §19092-1502. The amending ordinance was attacked on four grounds, three of them procedural and the fourth alleging unconstitutionality in that it was arbitrary, confiscatory and not in conformity with the enabling Act. The hearing judge considered the questions raised, found the ordinance to have been regularly enacted and valid constitutionally, and dismissed the complaint, *Putney v. Abington Township*, 70 Montg. Co. L. R. 102 (1953), which was affirmed by the Superior Court at 176 Pa. Superior Ct. 463, 108 A. 2d 134.

In January, 1956, plaintiff sold five acres of the rezoned area to J. B. Van Sciver Company and in July, 1956 it sold 20 acres to John Wanamaker, Philadelphia, for the construction of large stores thereon. Wanamaker applied for a building permit and on August 27, 1956 the building inspector of the township gave verbal authorization to proceed with the necessary grading. From this administrative action the defendants lodged an appeal[1] with the Zoning Board of Adjustment under Section 3107 of the Act of June 24, 1931, P. L. 1206, as amended, 53 PS §19092-3107, alleging (1) that the action of the building inspector was unlawful and improper because Ordinance 700 of Abington Township was invalid in that: it was not passed for the purpose of promoting health, safety and morals; it was not enacted in accordance with a comprehensive plan and design to benefit the public as required by Section 3101 of The First Class Township Law, nor did it properly consider the character of the district; it is unconstitutional as arbitrary, discrimina-

[1] While the written document was styled "Notice of Appeal", an examination of it clearly shows that it was in form and content an appeal. It is to be noted that, as the chancellor found, formal permits were issued to Wanamaker and Van Sciver respectively subsequent to the filing of the instant complaint.

tory and confiscatory; and " 'Conditions precedent to the effectiveness of the zoning reclassification under the ordinance have never been complied with.' ". Furthermore the appeal alleged (2) that the conveyance of land to John Wanamaker, Philadelphia was in violation of Ordinance 705 of the township; and (3) the granting of permission to erect was in violation of Section 3 of Ordinance 705.

Thereafter, on November 8, 1956, this action in equity was instituted by plaintiff to restrain the prosecution of the appeal just described, and, in effect, to restrain any other action by defendants which would impede the granting of other building permits on the land owned or conveyed by plaintiff. A preliminary injunction issued, but this was dissolved by the chancellor on December 28, 1956 on the ground that the statutory remedy which exists at law for taking appeals from the issuance of building permits is exclusive, and therefore the action in equity will not lie. From the dissolution of the preliminary injunction and the granting of defendants' preliminary objections by the court below, plaintiff brings this appeal.

In its brief before this Court, appellant attempts to distinguish the instant case from cases such as *Knup v. Philadelphia,* 386 Pa. 350, 126 A. 2d 399, which held, in accord with a long line of cases cited therein, that equity will not take jurisdiction in an attack upon the application of a zoning ordinance because the procedure provided by statute in such cases is exclusive. Appellant's contention is that in the instant case it is ". . . not asking that the court take jurisdiction of zoning matters but we are asking for relief on two well recognized grounds for the exercise of equity jurisprudence, the doctrine of res adjudicata and the function of bills of peace.". It is argued that "res adjudicata" applies because the issues in the appeals which appel-

lant wants to bar defendants from pursuing have already been determined by the Superior Court in *Putney v. Abington Township,* supra; and a bill of peace should lie here (1) to restrain repeated litigation of the same question, and (2) because the threats of litigation have harmed appellant's attempts to sell the remaining lots and to arrange for the financing of certain improvements which it is obligated to make in connection with its sales of the Van Sciver and Wanamaker properties.

The *Knup* case, supra, and its forbears are clear in their expression of a general rule, namely, that zoning matters, because of their statutory basis, must be strictly pursued at law in accordance with the detailed procedures which the Legislature has seen fit to prescribe for the determination of such causes, and equity will not be permitted to take jurisdiction in any zoning cause where the procedure at law has been prescribed, *Oteri Appeal,* 372 Pa. 557, 94 A. 2d 772; *Shender v. Philadelphia,* 375 Pa. 596, 101 A. 2d 667; *Barth v. Gorson,* 383 Pa. 611, 119 A. 2d 309; *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356; *Knup v. Philadelphia,* supra, and cases cited therein.

Plaintiff is not in the position of one aggrieved by the operation of a zoning ordinance. Having no such grievance, obviously it requires no remedy. Its complaint is that defendants have been pursuing *their* statutory remedy against a zoning decision allegedly aggrieving them. The question here is not whether plaintiff has the right to defend the granting of a permit against defendants' attack—which it unquestionably has—but whether it may take positive action by bill in equity to bar the defendants from pursuing a remedy guaranteed them by the Legislature. Plaintiff is asking that a court of equity enjoin the defendants from pursuing that very remedy which the General Assem-

bly has seen fit to prescribe, Act of June 24, 1931, P. L. 1206, Art. XXXI, §3107, as amended, 53 PS §19092-3107. A court of equity, ordinarily, would not be permitted to so contravene the clearly stated intention of the Legislature.

Plaintiff apparently recognizes this for it contends that the ruling of the *Knup v. Philadelphia* case and its many predecessors does not apply here because this is not a zoning matter, but rather a question of res adjudicata and 'an action for a bill of peace. In so far as the decision of the Superior Court in *Putney v. Abington Township,* supra, rules the constitutional issues raised by the defendants in their appeals brought pursuant to Section 3107 of The First Class Township Code, there can be no question but that the Court of Common Pleas is quite capable of applying in the zoning proceedings, the doctrine of res adjudicata if applicable. Certainly the aid of a court of equity is unnecessary in the application of so basic a legal principle.

It is, of course, hornbook law that equity may take cognizance of a controversy in order to prevent repeated litigation of the same issue, but we are of the opinion that this is not a controversy where this jurisdictional basis is appropriate. What is the nature of the litigation that plaintiff is desirous of averting? Actually it is not litigation which defendants might independently initiate, but rather appeals from the grant of building permits taken by defendants as parties who consider themselves "aggrieved . . . by any decision of the administrative officer". There are no independent vexatious suits here indicated, only "appeals"—which must be prosecuted under the statute with reasonable promptness—and these have specifically been permitted by the Legislature. The litigiousness of which appellant complains is in reality limited

by the number of building permits for which application is made by plaintiff itself or its grantees. If and when the issues on an appeal are decided in plaintiff's favor, res adjudicata or stare decisis will protect it in subsequent appeals raising the same issues. But as building designs and proposed business uses vary with the unlimited ingenuity of architects and business men, no single decree can possibly comprehend the variety of building permit issues which might arise in the future. Thus the prayed-for decree enjoining an attack on "the granting of building permits, in respect to buildings to be erected at *any time* hereafter on *any land*" encompassing the 30 acres owned by plaintiff, the 20 owned by Wanamaker and the 5 owned by Van Sciver, would require a reading of the future beyond the mortal powers of any court.

Moreover, even if this injunction were to be granted, the threat of appeals in the future from the grant of building permits would not necessarily be averted. There are many property owners in the general area, any one of whom could, if aggrieved, bring an appeal from the issuance of a building permit on the land now owned by appellant, and each of these appeals would have to be disposed of on its own particular merits. The injunction which appellant seeks would not of itself bar appeals by other "aggrieved" persons. The injury of which appellant complains is no greater than that attendant any rezoning in that multitude of instances where there is substantial resistance by the residents of the area to a proposed change. Any purchaser in such an instance would take with knowledge that his building permit application might be subject to the statutory appeal by aggrieved property owners, and it is not uncommon for potential purchasers in such situations to demand appropriate guarantees from their vendors. Appellant is not peculiarly harmed in the in-

stant case; indeed, it has already had the benefit of one adjudication in favor of its proposed use, and its position is therefore much more favorable than that of other potential vendors who find themselves in similar situations. And while appellant seems to be convinced that the defendants will indulge in repeated litigation by appealing every time a building permit is applied for, we cannot assume that this will be the case. Defendants have already lost a general attack on the rezoning ordinance before the court of quarter sessions and the Superior Court. They are undoubtedly prosecuting appeals from the particular building permits which have been granted to Van Sciver and Wanamaker since the institution of this suit. Should they lose those appeals, we cannot assume that they will continue with further costly and presumably futile litigation. If such a situation should develop, and it became patent that the defendants are engaged in purely malicious litigation, then the appropriate forum would certainly not be powerless to apply suitable remedies to such vexatious litigation; but the case has not so ripened at the present time.

Appellant also contends in its brief before us that the defendant Rydal-Meadowbrook Civic Association is not a proper party to bring an appeal under Section 3107 of The First Class Township Code. In appeals prosecuted by that association, the question may quite properly be presented, but it is not before us here where the association is a party defendant, and we will not now pass on its merits.

Appellant has urged upon us the cases of *Wood et al. v. Goldvarg et al.*, 365 Pa. 92, 74 A. 2d 100, and *Duquesne Light Company v. Upper St. Clair Township*, 377 Pa. 323, 105 A. 2d 287, as instances where equity jurisdiction was permitted in disputes concerning zoning ordinances. Those cases are strikingly different

from the case at bar. In the *Wood v. Goldvarg* case, the complaining adjoining property owners had withdrawn their objections to a zoning change, which would have been otherwise refused, when the defendant entered into an agreement with them to limit his proposed construction to duplex apartments. When the defendant secured a building permit and proceeded to construct a 14-family, 3-story apartment building, the adjoining property owners brought an action to restrain him from violating the agreement with them. The Court found, at page 95: ". . . It is quite apparent that no remedy at law could adequately protect the property rights of plaintiffs from Goldvarg's attempt to violate his agreement and to proceed to construct the proposed apartment building under an alleged invalid ordinance. The present controversy is not the ordinary zoning case in which disgruntled neighbors seek to contest the validity of an ordinance merely, or to question the administrative decision of either the building inspector or the Board of Adjustment. It would be absurd to compel plaintiffs, under the circumstances here involved, to proceed at law under either the Act of 1923 or that of 1927, supra, for the obvious reason that while such litigation was in progress, defendants' building would be erected and as a result irreparable damages would be sustained by plaintiffs. . . .".

In the *Duquesne Light Company* case an injunction was sought restraining a township from enforcing penalty provisions of its zoning ordinance against the construction of a power line along a right-of-way which had been approved by the Public Utility Commission. This Court allowed the injunction in the light of the public interest involved in the construction of the power line and because any other decision ". . . would mean the complete negation of the powers of regulation and control specifically given as a matter of public policy

to the Public Utility Commission in the interest of state-wide public welfare. . . .".

No similar considerations are presented in the instant case. The Legislature has provided procedure on the law side of the courts for the determination of questions arising out of zoning regulations and except for some extraordinary overriding consideration not here present, equity will not take jurisdiction. Resort must be had to the statutory procedure provided, which is exclusive under the Act of March 21, 1806, 4 Sm. L. 326, §13.

Order affirmed; costs to be paid equally by appellant and the appellees.