## Philadelphia *v.* Budney, Appellant.

Argued May 1, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Maxwell P. Gorson,* for appellant.

*Lenard L. Wolffe,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *David Berger,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE COHEN, May 28, 1959:

This is an action in equity brought by the City of Philadelphia (city) to enjoin the Budneys, appellants,

from violating the city's zoning ordinance and from maintaining a nuisance. The alleged nuisance is a junkyard located at 4337-39 Bermuda Street in a "D" Residential District. Prior to this action, appellant was refused permission by the board of adjustment to operate this junkyard. From this determination, Budney took an appeal to Court of Common Pleas No. 2 of Philadelphia County, contending that he was entitled to either a variance or a permit for a nonconforming use, which was dismissed by the court. The appellant took no further action.

Thereafter, the city initiated this action when the appellant continued the use of the premises as a junkyard. The complaint alleged a violation of the zoning ordinance and maintenance of a nuisance. Appellant's answer averred the existence of a nonconforming use since June 15, 1931 as provided under Sect. 14-104 of the Code of General Ordinances of the City of Philadelphia. The court below ruled that the existence of a nonconforming use could not be set up as a defense in this action; whereupon, after hearing evidence, the court found both a violation of the zoning ordinance and a nuisance and enjoined the use of the junkyard. Exceptions to the chancellor's ruling were dismissed by the court *en banc* and this appeal followed.

Appellant argues that the lower court was in error when it refused to permit the introduction of the defense of the existence of a nonconforming use. It is the opinion of this Court that there is no merit in this contention.

This was an action brought by the city to enforce a determination made under its zoning ordinance. Appellant now seeks to use this proceeding to raise the same issue after it had been previously raised before the board of adjustment and after the appeal from the board's decision had been dismissed by the court

of common pleas for lack of prosecution. In effect, by permitting him to raise this issue of the existence of a nonconforming use, we would permit him to raise for the second time an issue which he had lost in a prior adjudication. However, even if appellant had never sought a variance, he could not raise the defense of a nonconforming use in a proceeding in equity. The legislature has provided that zoning matters are to be heard exclusively by administrative tribunals which were created for that express purpose. *Baederwood Center, Inc. v. Putney,* 390 Pa. 53, 133 A. 2d 836 (1957); *Pittsburgh Outdoor Advertising Company v. Clairton,* 390 Pa. 1, 133 A. 2d 542 (1957). After determination by the administrative agency, the most effective way a zoning ordinance can be enforced is through an equity action. If we were to permit a person, sought to be restrained from violating the ordinance, to introduce testimony of a nonconforming use, we would have equity courts replacing boards of adjustment. Instead of people seeking to enforce their rights through the proper administrative procedures, we would have them continue to violate the ordinances waiting for the city to bring an equity action at which time their right to a variance or a special exception would have to be litigated. This is contrary to the legislative directive in establishing both a procedure as well as a forum for zoning matters.

There is no need to discuss the second ground of appellant's argument, i.e., was there sufficient evidence to support the finding of a nuisance, since the violation of the zoning ordinance is sufficient to support the lower court's decree.

For the above reasons, the decree of the court below is affirmed. Costs on appellants.