Boyertown Borough, Appellant, *v.* Golden Petroleum Co., Inc.

Argued September 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Robert I. Cottom,* with him *Matten and Cottom,* for appellant.

*C. Edmund Wells,* with him *Henry T. Crocker,* and *Wells, Campbell, Reynier & Yohn,* for appellee.

OPINION BY SPAULDING, J., November 14, 1968:

This is an appeal by the Borough of Boyertown, appellant, from an order of the Court of Common Pleas of Berks County reversing the summary conviction and fine of the Golden Petroleum Co., Inc., appellee, for violation of the Borough Zoning Ordinance and holding that Article VII, §701.1(f) of the Zoning Ordinance is an unconstitutional exercise of the zoning power.

Appellee leases and operates a gasoline service station in the Borough of Boyertown. On the service station premises, appellee maintains a large sign mounted on a pole having two sign faces each of which is 30 square feet in area, two cardboard signs approximately 4 by 8 feet in size advertising games and gasoline prices, and lettering painted directly on the exterior

walls of the station, occupying 368 square feet and more than 25% of the total wall area of the building.

The Borough granted a permit for the maintenance of the sign mounted on a pole. The controversy in this case centers upon the power of the Borough to prevent the appellee from maintaining the other signs on its premises by enforcement of the Borough Zoning Ordinance restricting the erection and maintenance of signs on commercial premises.

The applicable sign[1] regulation is found in §701.1(f) of the zoning ordinance, which provides: "Business or industrial signs may be erected and maintained on the premises of a commercial or industrial use, provided that the total size of all sign faces shall not exceed sixty (60) square feet and that no sign shall occupy more than twenty-five (25) per cent of the area of the wall surface, including window and door areas, on which they are displayed."

Appellee was convicted for violation of §701.1(f) and fined $100 in summary proceedings before a justice of the peace. The Court of Common Pleas of Berks County allowed a writ of certiorari and reversed the conviction on the ground that §701.1(f) was in violation of the Fourteenth Amendment to the United States Constitution since it was not reasonably related to the public safety, health, morals or general welfare. This Court properly has jurisdiction of the appeal from the order of the Court of Common Pleas. *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 239 A. 2d 386 (1968).

The only question raised by the parties in this appeal is the constitutionality of the application of §701.1(f) to appellee's property. This question can-

---

[1] Section 301 of the Ordinance defines "sign" as "[a]ny letter, word, model, device or representation intended as an announcement, direction or advertisement."

not be determined in these proceedings. It has been uniformly held by the appellate courts of Pennsylvania that questions involving the constitutionality or validity of a zoning ordinance may be raised only through the legislatively established procedures for the litigation of zoning questions. *Jacobs v. Fetzer*, 381 Pa. 262, 112 A. 2d 356 (1955); *Pittsburgh Outdoor Advertising Company v. Clairton*, 390 Pa. 1, 133 A. 2d 542 (1957); *Honeybrook Township v. Alenovitz*, 430 Pa. 614, 243 A. 2d 330 (1968); *Commonwealth ex rel. Ransom Township v. Mascheska*, 213 Pa. Superior Ct. 195, 245 A. 2d 721 (1968). Where administrative machinery is available to determine the constitutionality or validity of the ordinance, the defense of the unconstitutionality or invalidity of the ordinance may not be raised as a defense in summary proceedings brought to enforce the ordinance. *Commonwealth ex rel. Ransom Township v. Mascheska*, 213 Pa. Superior Ct. 195, *supra*; *Commonwealth v. DeBaldo*, 169 Pa. Superior Ct. 363, 82 A. 2d 578 (1951).

The Boyertown Zoning Ordinance provides the administrative procedures for the litigation of the questions raised by the appellee. Section 901 of the Ordinance, in accordance with The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, §3207, 53 P.S. §48207, empowers the Zoning Board of Adjustment to hear appeals where it is alleged there is an error in any decision made by an administrative official and to authorize upon appeal variances from the terms of the ordinance which will not be contrary to the public interest. Section 801 of the Ordinance requires the issuance of a zoning permit prior to any change in use of any building, structure, or any portion thereof.

Sections 801 and 901 of the Ordinance afford the appellee two alternative methods of challenging the constitutionality of §701.1(f) of the Ordinance. Ap-

pellee could have applied for a zoning permit to erect and maintain the signs which are the subject of this litigation, as was done prior to the erection of the first sign. The refusal of the zoning department to issue such a permit would be a decision of an administrative representative from which an appeal could be taken to the Board of Adjustment. Alternatively, appellee could have made a request upon the Board to grant a variance permitting the maintenance of the signs. In either event, the action taken by appellee would have stayed enforcement proceedings.[2] If the Board ruled adversely on appellee's request for relief, appellee could have litigated the constitutionality of the Ordinance by appeal from the decision of the Board to the Berks County Court of Common Pleas.[3]

We reiterate that the procedure outlined above, as authorized by The Borough Code and the Borough of Boyertown Zoning Ordinance, is the only method by which the constitutionality or validity of §701.1(f) may be challenged. For this reason, the Berks County Court of Common Pleas was without jurisdiction to consider the merits of the constitutional claim raised in this proceeding.

The order of the Court of Common Pleas of Berks County is reversed and the judgment of the justice of the peace is affirmed.

WATKINS, J., dissents.

---

[2] The Borough Code, *supra*, 53 P.S. §48207(e).

[3] Boyertown Ordinance, §906, The Borough Code, *supra*, 53 P.S. §48207(i).