## Muncy Borough *v.* Stein, Appellant.

504

Argued May 25, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused November 4, 1970.

*John P. Campana,* with him *Campana & Campana,* for appellant.

*William E. Nichols,* with him *Furst, McCormick, Lynn, Reeder & Nichols,* for appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1970:

This is an appeal from a decree of the Court of Common Pleas of Lycoming County perpetually enjoining Vincent Stein, appellant, from using premises at 313 South Main St., Muncy for commercial purposes.

On January 4, 1947 the Borough of Muncy enacted a zoning ordinance by which the east side of South Main Street north of New Street was designated as a commercial zone. On June 23, 1960 the Borough revised that ordinance to change the area mentioned above from commercial to residential. The revised ordinance was to become effective July 31, 1960. Subse-

quent to June 23 but prior to July 31, appellant leased the premises at 313 South Main Street, within the designated area, and began using it as a used car lot.

On May 29, 1962 the Borough filed an action in equity in the Court of Common Pleas of Lycoming County seeking to restrain appellant's commercial use of the land. The court, 9 Lycoming 13 (1963), granted appellant's motion for summary judgment on the theory that the Borough ordinance defining nonconforming use[1] referred to use on the effective date of the act or amendment and that this use began prior to the effective date. In ruling upon exceptions to the decree nisi, the court en banc stated, 9 Lycoming 108, 111 (1963) : "The date of the enactment of the Muncy Zoning Ordinance is not a factor or element in enforcement of the provisions for the Zoning Ordinance sets forth the effective date of the ordinance as the determining element. The Zoning Ordinance specifically sets forth that the use of the land existing on the effective date of the ordinance, i.e., July 31, 1960, constitutes a nonconforming use and therefore can be continued." No appeal was taken by the Borough.

On August 13, 1963, subsequent to the filing of the decree nisi (January 31, 1963) but prior to the decision on the Borough's exceptions (December 10, 1963), the Borough filed another complaint in equity in the Court of Common Pleas of Lycoming County. This complaint and a later one did not seek relief on the ground that the commercial use of the premises violated the revised zoning ordinance but rather on the basis of Ch. XVIII, §41 of the amended ordinance. That section states: "(A) The nonconforming use of land (where such use

---

[1]Ch. XVIII, §3.15 defines nonconforming use as "A use of a structure or land other than a sign lawfully existing on the effective date of this ordinance (or date of applicable amendment) which does not conform to the use regulations applicable in the zoning district in which it is located."

is the principal use of the lot and no main structure is involved) may be continued for a limited time in accordance with the following provisions. (1) Such nonconforming use shall be discontinued no later than three (3) years after being made nonconforming, either by the initial passage of this ordinance or by a later amendment thereto. (2) No expansion or extension of such nonconforming use shall be permitted. (3) If any such nonconforming use is discontinued, the future use of the said land shall be in conformity with the provisions of this ordinance." The Borough's theory was that even assuming appellant had established a valid nonconforming use the three year period during which such use of the land was permissible had expired.

In this action the court granted the relief requested, 12 Lycoming 12 (1968), and the court en banc dismissed appellant's exceptions. The court held that in light of our decisions in *Penn Township v. Fratto,* 430 Pa. 487, 244 A. 2d 39 (1968) and *Penn Township v. Yecko Brothers,* 420 Pa. 386, 217 A. 2d 171 (1966), it had erred in not granting an injunction in the prior action. It further held that the defenses of unconstitutionality of the zoning ordinance and nonconforming use could not be raised in the equity action. It therefore enjoined appellant from using the premises at 313 South Main Street for commercial purposes, and from this decree appellant has appealed.

Appellant contends that the court below erred in refusing to permit the defenses of nonconforming use and unconstitutionality of section 41 to be raised in the equity action. As to the latter, we specifically ruled upon this question in *Honey Brook Township v. Alenovitz,* 430 Pa. 614, 243 A. 2d 330 (1968). Relying upon *Jacobs v. Fetzer,* 381 Pa. 262, 112 A. 2d 356 (1955), we stated, 430 Pa. at 619, ". . . we are of the opinion that the constitutionality of the zoning ordinance cannot be raised in this equity proceeding." As is true in this ac-

tion, *Honey Brook* involved an action in equity by a municipality seeking to enjoin individuals from using land in violation of the zoning ordinance.[2]

As to the defense of nonconforming use, we held in *Honey Brook* and in *Philadelphia v. Budney,* 396 Pa. 87, 151 A. 2d 780 (1959), that if the applicable zoning ordinance provides for the registration of nonconforming uses and provides an administrative machinery by which the right to continue the nonconforming use might be determined that such a defense cannot be raised in an equity proceeding. See also *Jonnet v. Bodick,* 431 Pa. 59, 244 A. 2d 751 (1968). We stated that such matters are to be heard exclusively by the administrative tribunals.[3]

The Borough's zoning ordinance does provide the necessary administrative machinery. Section 54(a) states that no right to continue any nonconforming land use shall be allowed unless a certificate of nonconformance is issued. Section 54(b) provides a time period within which application must be made to the administrative officer, and section 73 provides for appeals from the decision of that officer to the Board of Adjustment. Finally, section 74.5 provides for an appeal from the Board of Adjustment to the Court of Common Pleas of Lycoming County. If appellant desires to raise these two issues, he must follow the proper administrative procedures.

Appellant also argues that the court below erred in reversing its decision in the prior action. We need not decide whether that action was proper for the theory behind the second action was totally different from the theory of the first, and the court's comment that

---

[2] We need not therefore consider the merits of appellant's argument as to the constitutionality of section 41.

[3] It is not clear why appellant wished to raise this defense. As discussed below, the suit was based on section 41 of the zoning ordinance which assumes that a valid nonconforming use exists.

508

it had erred in the first action was pure dictum. As stated above, the theory of the first suit was that appellant was conducting commercial activity in an area designated residential by the zoning ordinance. The decision in that action was that appellant had a valid nonconforming use. The second suit was based on section 41 of the zoning ordinance which proceeds on the assumption that a valid nonconforming use exists, and the theory of the suit was that the three year limitation period contained in section 41 had expired. Therefore, the question of the validity of the nonconforming use was not before the court. It is of no consequence in this proceeding whether the court below feels it erred in its prior decision. The only issue raised in the Borough's complaint involved the three year limitation, and the court below correctly decided that the defenses appellant raised could not properly be raised and that the requested relief should be granted. We need not therefore concern ourselves with peripheral matters the court below saw fit to discuss.

Decree affirmed. Each party to bear own costs.