Preston E. Funk and Eva M. Funk, Appellants, *v.* Township of Bensalem, Appellee.

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Leonard Sarner,* with him *Sarner, Borofsky & Stein,* for appellants.

*Henry F. Huhn,* with him *Donald B. McCoy,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 3, 1975:

Preston E. Funk and Eva M. Funk (Appellants) appeal from a final decree of the Court of Common Pleas of Bucks County which dismissed their exceptions to and adopted a decree nisi ordering the removal of a 229 foot

high radio antenna tower which violated the applicable height regulations of the zoning ordinance of Bensalem Township (Appellee).

The pertinent facts are not here disputed. Appellants are the resident-owners of a property located within an R-2 Residential district subject to the Bensalem Township Zoning Ordinance. Section 503 of the ordinance provides "[n]o building other than a farm building shall exceed thirty-five (35) feet in height, provided that such height limits may be exceeded by one (1) foot for each foot by which the width of each side yard is increased, beyond minimum side yard requirements, up to a maximum height of fifty (50) feet." Section 1600 of the ordinance defines "building" to include the word "structure." In April 1969, Apellants began construction of a free-standing radio antenna tower, incidental to the husband-Appellant's "ham" radio operations. Upon completion in July 1969, the tower measured 229 feet in height, with a triangular base 18 feet to the side supporting the steel structure. No applications for the required zoning and building permits were made until the tower was completed. When application to Appellee's zoning officer was made, the permits were denied because of the non-compliance with the height limitations of Section 503. On July 17, 1969, a cease and desist order was issued and served upon Appellants. They then appealed the zoning officer's action to the Bensalem Zoning Board of Adjustment (zoning board) contending that 1) the zoning ordinance could not constitutionally prohibit amateur radio antenna towers of a height necessary to their proper function; 2) their antenna tower was not a structure subject to the zoning ordinance or the height limitations contained therein; or, alternatively 3) they were entitled to either a special exception or a variance. On March 24, 1970, the zoning board found the radio antenna tower to be subject to the zoning ordinance, and denied all relief sought. *No appeal was taken from this decision.*

The instant complaint in equity, seeking removal of the offending tower, was filed by Appellee on July 13, 1970, pursuant to Section 617 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, 53 P.S. §10617 (MPC), and Section 1601 of the zoning ordinance. On August 24, 1972, the Chancellor, President Judge SATTERTHWAITE of the court below, found Appellants in violation of height limitations of Section 503, and ordered removal of the antenna tower. The decree nisi was made final on January 4, 1974, and this appeal followed.

Before this Court, Appellants contend 1) that its radio antenna tower is a permissible accessory use, and 2) that the height limitations of Section 503 of the zoning ordinance do not apply to a self-supporting radio antenna tower. Although the court below ably dismissed both contentions, it is unnecessary for us to reach these arguments as neither is a legally cognizable defense to an equity action brought by a municipality to enforce a zoning ordinance since they involve questions which can only be determined by a zoning appeal. *Muncy Borough v. Stein,* 440 Pa. 503, 270 A. 2d 213 (1970) ; *Honey Brook Township v. Alenovitz,* 430 Pa. 614, 243 A. 2d 330 (1968) ; *Hilltown Township v. Mager,* 6 Pa. Commonwealth Ct. 90, 293 A. 2d 631 (1972), *appeal dismissed,* 411 U.S. 979 (1973). In *Philadelphia v. Budney,* 396 Pa. 87, 151 A. 2d 780 (1959), the City brought an action in equity to enjoin defendant's junkyard operation in violation of the zoning ordinance. Prior to the enforcement action, defendant's appeals to the zoning board and the Court of Common Pleas on a variance or nonconforming use theory were dismissed and further appeals on the zoning issues were not perfected. As in this case, the defendant attempted to resurrect these issues collaterally, but the Supreme Court held that these same claims could not be raised as defenses to the equity enforcement action: "This was an action brought by the city to en-

force a determination made under its zoning ordinance. Appellant now seeks to use this proceeding to raise the same issue after it had been previously raised before the board of adjustment and after the appeal from the board's decision had been dismissed by the court of common pleas for lack of prosecution. In effect, by permitting him to raise this issue of the existence of a non-conforming use, we would permit him to raise for the second time an issue which he had lost in a prior adjudication. However, even if appellant had never sought a variance, he could not raise the defense of a non-conforming use in a proceeding in equity. The legislature has provided that zoning matters are to be heard exclusively by administrative tribunals which were created for that express purpose. Baederwood Center, Inc. v. Putney, 390 Pa. 53, 133 A. 2d 836 (1957) ; Pittsburgh Outdoor Advertising Company v. Clairton, 390 Pa. 1, 133 A. 2d 542 (1957). After determination by the administrative agency, the most effective way a zoning ordinance can be enforced is through an equity action. If we were to permit a person, sought to be restrained from violating the ordinance, to introduce testimony of a non-conforming use, we would have equity courts replacing boards of adjustment. Instead of people seeking to enforce their rights through the proper administrative procedures, we would have them continue to violate the ordinances waiting for the city to bring an equity action at which time their right to a variance or a special exception would have to be litigated. This is contrary to the legislative directive in establishing both a procedure

---

1. Note the limitation placed upon the above dictum by *Honey Brook Township v. Alenovitz*, 430 Pa. at 614, 243 A. 2d at 335, and *Muncy Borough v. Stein*, 440 Pa. at 507, 270 A. 2d at 215. Where the applicable zoning ordinance does not provide administrative machinery by which a particular property status can be established, such claim is recognizable as a defense in an equity action. Appellants in the instant case, however, exercised their appeal rights under the local ordinance and MPC, and therefore the holding rather than the dictum of *Budney* is controlling.

as well as a forum for zoning matters." 396 Pa. at 88, 89, 151 A. 2d at 781 (Footnote added). *Compare Commonwealth ex rel. Ransom Township v. Mascheska*, 213 Pa. Superior Ct. 195, 245 A. 2d 721 (1968) (summary conviction appeal).

The instant zoning ordinance and the MPC provided Appellants with an adequate means by which they could establish both their claim of an accessory use status or the general inapplicability of the zoning ordinance to radio antenna towers by allowing an appeal to the zoning board from a denial of a zoning permit. Appellants invoked this administrative mechanism initially, then abandoned it preferring to somehow substitute equity for law relief. They cannot now relitigate the same claims lost before the zoning board.

Order affirmed.