Redevelopment Authority of The City of Philadelphia, Appellant *v.* Walter J. Carpenter, Jr. and Margaret W. Carpenter, his wife, Appellees.

Argued April 8, 1976, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Donald Strumpf*, with him *Peter A. Galante*, for appellant.

*Charles W. Bowser*, with him *William T. Adis*, and *Pechner, Dorfman, Wolffe, Moss & Rounick*, for appellees.

OPINION BY JUDGE ROGERS, May 13, 1976:

The Redevelopment Authority of the City of Philadelphia condemned premises 5429-5435 Wyalusing Avenue, Philadelphia, owned by the appellees, Walter J. Carpenter and Margaret W. Carpenter, his wife. The condemned premises, measuring 100 feet on Wyalusing Avenue and extending 180 feet to the rear, consisted of

four lots on which were erected three dwelling houses and, to their rear, a garage structure. A Board of View awarded the Carpenters damages of $50,000 for the taking of their property. The Redevelopment Authority appealed the viewers' report and a jury, after trial, awarded the Carpenters $56,000 for the taking of their property and $5,000 in business dislocation damages. The Redevelopment Authority has appealed the judgment entered on that verdict.

The Redevelopment Authority says that the lower court erred by admitting, over objection, evidence that open areas of the rear yard of the property had been used by the Carpenters and their predecessors in ownership for commercial purposes from a time prior to the adoption of the Philadelphia Zoning Code in August 1933. The record shows that at the time of the condemnation in 1972 the property was located in an R-9 residential zone in which commercial activities were prohibited. The evidence which went into the record of which the Redevelopment Authority complains, was that the property at the rear of the dwelling houses had been constantly used for a variety of commercial purposes including automobile repair since long before August 1933. There was some evidence that included among these commercial uses was that of dismantling automobiles for saleable parts, the activity carried on by the Carpenters from the time of their acquisition of the property in 1946 down to the date of its condemnation. The record also shows that during the 10 years following their acquisition of the property no question was ever raised with the Carpenters as to the legality of their use of their property for dismantling automobiles. In about 1957, however, the City's Department of Licenses and Inspections apparently notified the Carpenters that any commercial use of the premises was unlawful. Between 1957 and 1967, the Carpenters made at least four applications to the Department of Licenses and Inspections to use the property for commercial purposes, including that of dismantling automobiles for

parts. The Department consistently approved the use of the garage building as a place to repair automobiles and sell parts, but consistently refused to permit the Carpenters to use the open space at the rear of their property for purposes of dismantling automobiles for parts. The Carpenters appealed two of these refusals to the Philadelphia Zoning Board of Adjustment which on both occasions affirmed the Department's action.

The Redevelopment Authority's contention in this appeal is, as we understand it, that the Zoning Board decisions adverse to the Carpenters' applications with respect to dismantling automobiles, foreclosed them in this proceeding from asserting an entitlement to use the property for this purpose as a lawful nonconforming use. The authority cited by the appellant is *Philadelphia v. Budney,* 396 Pa. 87, 151 A.2d 780 (1959), where it was held that an owner of property who had unsuccessfully asserted his entitlement to a valid nonconforming use before a Zoning Board of Adjustment, could not reassert the lawfulness of such use as a defense to an action by the municipality to enjoin the use as violative of its zoning regulations. The appellant contends, of course, that since under *Philadelphia v. Budney, supra,* the Carpenters could not defend an action by the City to enjoin its use of their property for dismantling automobiles, they may not here assert that they were entitled to make such use of their property and have it valued as such. Indeed, the Authority tried its case below on the theory that the only lawful use of the Carpenters' property was residential. The Authority's valuation expert based his appraisal on the assumption that the highest and best use of the property was for residential purpose because he believed that was the only purpose for which the property could be lawfully used. This belief was, of course, contrary to the clear fact that the property had been used commercially since before 1933 and the Zoning Board's recognition that auto repairs and parts sales at least were permitted uses.

The difficulty with the Redevelopment Authority's argument is that, while the specific activity of dismantling automobiles for saleable parts may have been foreclosed by the Zoning Board of Adjustment's decisions, other lawful nonconforming commercial uses, including automobile repairs conducted since prior to August 1933 were established not only by the testimony of witnesses but also by allowance of the Zoning Board of Adjustment. The Carpenters' valuation witness, while stating his opinion that the highest and best use of the property was that for which the Carpenters were using it, testified that his valuation was based on the assumption that the property could be used for commercial purposes associated with the automotive trades and that there were available commercial uses other than dismantling automobiles which would also support his valuation. Hence, assuming solely for purposes of argument, that based on *Philadelphia v. Budney, supra,* the lower court erred in admitting evidence of a prezoning nonconforming use of the premises for dismantling automobiles, there was certainly no error in the admission of evidence of other commercial uses or in permitting valuation evidence based on the availability of the property for such uses. Indeed, on this record it would not have been error for the trial judge to have stricken the appellant's valuation evidence based on an exclusively residential use allowance, if a motion had been made. In short, we find no prejudicial error.

Judgment affirmed.

Judge KRAMER did not participate in the decision in this case.