Township of Millcreek, County of Lebanon, Pennsylvania *v.* Elvin W. Hurst and Helen M. Hurst, his wife, and Kountry Kraft Kitchens, Inc., Appellants.

Argued September 13, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*C. Walter Whitmoyer, Jr.,* for appellants.

*David J. Brightbill,* with him *Lewis, Brubaker, Christianson & Brightbill,* for appellee.

86

OPINION BY PRESIDENT JUDGE BOWMAN, November 16, 1976:

Elvin W. and Helen M. Hurst (appellants) own a 75 acre tract in Millcreek Township, Lebanon County, upon a portion of which they have, since 1959, operated a business of designing, manufacturing and selling custom-made kitchens. They are also engaged in farming and raising cattle on the remainder of the tract. In 1966, the business was incorporated as Kountry Kraft Kitchens, Inc. (also an appellant herein), and the corporation leases parts of the tract from the individual appellants who are its sole shareholders. The Millcreek Township Zoning Ordinance, effective April 14, 1971, places the tract in a Residential Farm District, and appellants' kitchen business is a lawful pre-existing nonconforming use thereunder.

On August 13, 1974, the corporation acquired an airplane, and on October 30, 1974, appellant Elvin Hurst was licensed by the Department of Transportation, Bureau of Aviation, to operate a personal use airport on a portion of the tract which had recently been leased to the corporation for this purpose by the individual appellants. Since that time, and without seeking a zoning permit, appellants have used such portion as a turf landing strip for the takeoff and landing of the airplane, which is used to service customers and dealers of the business. Previously, the particular area occupied by the landing strip was apparently devoted exclusively to the individual appellants' farming and cattle raising operation.

On January 9, 1975, the Township filed a complaint in equity in the Lebanon County Court of Common Pleas, alleging that the appellants were in violation of the zoning ordinance and requesting that they be enjoined from further use of the tract for purposes of takeoff, landing and parking of any airplane. After the pleadings were closed, the Township moved for

summary judgment. The court below granted the Township's motion and this appeal followed.

The issue presented is whether the appellants are entitled, in an equity action, to raise the defense that the turf landing strip constitutes an accessory use to, or an expansion of, a preexisting nonconforming use. The resolution of this issue turns on whether the zoning ordinance provides the administrative machinery necessary to determine appellants' rights. The court below held that it did and, therefore, granted summary judgment in the Township's favor. We affirm.

*Philadelphia v. Budney,* 396 Pa. 87, 89, 151 A.2d 780, 781 (1959), established the general principle that property owners may *not* raise the defense of a preexisting nonconforming use in an equity action:

"The legislature has provided that zoning matters are to be heard exclusively by administrative tribunals which were created for that express purpose.... If we were to permit a person, sought to be restrained from violating the ordinance, to introduce testimony of a nonconforming use, we would have equity courts replacing boards of adjustment. Instead of people seeking to enforce their rights through the proper administrative procedures, we would have them continue to violate the ordinances waiting for the city to bring an equity action at which time their right to a variance or a special exception would have to be litigated. This is contrary to the legislative directive in establishing both a procedure as well as a forum for zoning matters." (Citations omitted.)

*See also Funk v. Township of Bensalem,* 17 Pa. Commonwealth Ct. 205, 342 A.2d 785 (1975). While recognizing the authority of *Budney, supra,* appellants urge that their case fits the so-called "*Honey Brook*" exception to the *Budney* rule. In *Honey Brook Township v. Alenovitz,* 430 Pa. 614, 243 A.2d 330 (1968), the Supreme Court, relying on *Buckingham Township v.*

*Bary,* 22 Pa. D. & C. 2d 274 (1960), did, in fact, carve an exception to *Budney,* holding that where the zoning ordinance contained no provisions for the registration of nonconforming uses and "provided no administrative machinery whereby the defendants' *right to continue the same nonconforming use* might be determined . . . the property owner was entitled to raise the defense of nonconforming use in the equity action, *for there was no other way for the matter to be litigated.*" 430 Pa. at 624, 243 A.2d at 335. (Emphasis added.) *See also Muncy Borough v. Stein,* 440 Pa. 503, 270 A.2d 213 (1970). Appellants correctly point out that the Millcreek Township Zoning Ordinance, like that in *Buckingham* and *Honey Brook,* contains no provision for the registration of nonconforming uses. However, unlike the property owners in those cases, appellants here are *not* seeking to continue the same nonconforming use nor does the ordinance fail to provide them the administrative machinery necessary to attempt to establish the rights they seek.

Section 13.02 of the Millcreek Township Zoning Ordinance provides, in pertinent part:

"A. *Zoning Permits.* Zoning permits shall hereafter be secured from the Zoning Officer's office . . . upon a change in the use of a structure or land."

Appellants have clearly "changed" the use of the portion of land in question, within the extremely broad language of Section 13.02A, from an agricultural use to that of a turf landing strip for their airplane. They can, therefore, apply for a permit under this section, have their rights determined administratively and, if dissatisfied, appeal pursuant to Article X of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11001 et seq. We need not consider whether this "change" is also a permissible accessory use to, or an expansion of, the nonconforming use established with regard to the

kitchen business, for these are precisely the types of issues that should, whenever possible, be litigated in the administrative forum. *Budney, supra; Funk, supra.* Nor is appellants' argument strengthened, as they would have us believe, by the fact that the zoning ordinance contains no provision for the expansion of a nonconforming use, as distinguished from a nonconforming building.[1] This fact is of no help to appellants where, as here, the "change of use" zoning ordinance provision is broad enough to provide them with entry to the administrative process and the *right* to expand a nonconforming use, with some limitations, is of clearly established constitutional dimension. *See Silver v. Zoning Board of Adjustment,* 435 Pa. 99, 255 A.2d 506 (1969) and *Philadelphia Art Alliance v. Philadelphia Zoning Board of Adjustment,* 377 Pa. 144, 104 A.2d 492 (1954).

The *"Honey Brook"* exception was clearly born of necessity and has no application where, as here, appellants can avail themselves of the proper administrative machinery.

### ORDER

Now, November 16, 1976, the order of the Lebanon County Court of Common Pleas, dated December 4, 1975, granting the motion for summary judgment of Millcreek Township, is hereby affirmed.

---

[1] Section 11.05 provides for the alteration (including expansion) of nonconforming buildings by special exception. Appellants previously availed themselves of this provision in 1974, adding approximately 18,500 square feet of enclosed space to their business.