Bernard J. Singer and Marguerite S. Singer, Appellants *v.* Peters Township Planning Commission, Township of Peters and C. A. Mastandrea, Appellees.

Argued May 10, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*John P. Liekar,* for appellants.

*D. Michael Fisher,* for appellee.

OPINION BY JUDGE BLATT, September 5, 1979:

The appellants, Bernard J. Singer and Marguerite S. Singer, appeal here from the order of the Court of Common Pleas of Washington County which denied their request to enjoin the implementation of a building plan filed by C. A. Mastandrea (Mastandrea). The plan had been approved by the Peters Township Planning Commission.

The commercial property owned by Mastandrea abuts upon residential property of the appellants on which they have erected a single-family dwelling. Mastandrea proposed to build on his property an office complex composed of three buildings, each 35 by 50 feet in size with a 10-foot buffer strip between them and the abutting residential property owned by the appellants. Because the Township's zoning ordinance, however, required a 40-foot buffer zone between commercial and residential property, Mastandrea applied for a variance. His application was denied, but upon appeal to the lower court and "after conference with counsel and the affected neighbors," a stipulation was filed by the parties and approved by the court, which provided that:

> After a long discussion under the Court's auspices, all parties agreed to an amicable resolution of these problems under which *the number of buildings would be reduced from three to two,* the phasing would be reversed, and the Planning Commission would be given discretion to pass upon the propriety of tenants in the building in exchange for which the Township would agree to the variance requested, which would enable the appellant [Mastandrea] to construct his building within 10 feet of the northerly [appellant-Singers'] property line. (Emphasis supplied.)

Mastandrea then submitted a revised plan to the Planning Commission which provided for the erection of two buildings on his property, one 80 feet by 35 feet and one 50 feet by 35 feet and which included proposed landscaping within the 10-foot buffer zone. The Planning Commission approved this plan, and the appellants then sought an injunction on the basis that the revised plan was in violation of the stipulation. They argued that the statement in the stipulation that "the

number of buildings would be reduced from three to two'' meant that the three 35-foot by 50-foot buildings would be reduced to two buildings each being 35 feet by 50 feet in size. They also argued that landscaping into the buffer zone was likewise in violation of the stipulation.[1] The court agreed that the proposed landscaping was in violation of stipulation and enjoined such intrusion into the 10-foot buffer zone. The court, however, found that the size and number of buildings to be erected under the approved revised plan conformed to the stipulation, and the appellants' exceptions to this court order were dismissed. This appeal followed.

The appellants argue that it is improper to use an equity action to determine a zoning question, and we would agree that if a remedy exists at law, complete and adequate in nature, equity will not assume jurisdiction. *City of Erie v. Northwestern Pennsylvania Food Council*, 14 Pa. Commonwealth Ct. 355, 322 A.2d 407 (1974). In this case, however, we believe that an adequate remedy at law did not exist. The variance had been granted under a stipulation agreement reached with the court's approval and all that remained was for the revised plan to be submitted to the Commission for approval according to the agreed terms. The claim raised here is merely that the Commission's perfunctory approval of the plan as submitted violated the court-approved stipulation agreement, not that the permit granted would violate the zoning ordinance, in which case the appropriate forum would have been an appeal as provided by the Pennsylvania Municipalities Planning Code.[2] *Funk v.*

---

[1] In this action brought by the appellants (Singers) in the lower court, Mastandrea appeared as an intervening party.

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10101 et seq.

*Township of Bensalem,* 17 Pa. Commonwealth Ct. 205, 342 A.2d 785 (1975). The applicable zoning ordinance did not provide administrative machinery for review under these circumstances, and we believe that an action in equity was the appropriate vehicle by which the matter might be reconsidered.[3]

The appellants also argue that the stipulation agreement provided for the construction of two buildings each 35 feet by 50 feet in area and the revised plans provide for one building to be 35 feet by 80 feet, so that the revision was in violation of the stipulation agreement. There was, however, no provision in the stipulation agreement with respect to the size of the buildings, and the court below reasoned that, because the location of three separate buildings presented problems which the erection of two buildings did not, the number of buildings and not their size was the essence of the agreement. It found therefore that there had been no violation of the stipulation in this respect, and we find no abuse of discretion here. Nor do we see any abuse of discretion or error in law in the court's refusal to enjoin the implementation of the Mastandrea building plan as approved by the Planning Commission. We shall, therefore, affirm the order of the court below.

## Order

And Now, this 5th day of September, 1979, the order of the Court of Common Pleas of Washington County at No. 7331 in equity in the above-captioned matter is hereby affirmed.

---

[3] Certainly the court had the power to enforce this agreement. *Council of Borough of Monroeville v. Al Monzon Construction Co.,* 5 Pa. Commonwealth Ct. 97, 289 A.2d 496 (1972).