Clifford R. Pfeffer and Ruth Pfeffer, Appellants *v.* Hopewell Township, Appellee.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Edward B. Golla,* with him, *Raymond R. Smith,* for appellants.

*Gilbert G. Malone, Ports, Beers, Feldmann & Malone,* for appellee.

OPINION BY JUDGE ROGERS, July 8, 1981:

Clifford and Ruth Pfeffer have appealed an order of the Court of Common Pleas of York County dismissing their exceptions to, and adopting as the final decree, a decree nisi enjoining them from violating provisions of the Hopewell Township zoning ordinance. The Pfeffer's own a parcel of land with improvements located in the commercial zoning district of Hopewell Township. They or agents of theirs from time to time conduct sales of used merchandise on the property. In connection with the sales, used household appliances, bicycles, tractors and automobiles were stored out-of-doors.

The township sued to enjoin the practice of outdoor storage charging that it violated zoning provisions requiring set backs, regulating junkyards and the storage of discarded materials, and establishing open spaces.[1] The appellants filed an answer defending the suit on the single ground that their use of the property for the sale of used merchandise and related storage of sale items antedated the enactment, in 1974, of the zoning ordinance and was, therefore, a lawful nonconforming use.

---

[1] Section 205.5 of the township zoning ordinance requires of each commercially zoned lot a minimum set back of 35 feet in the front, fifteen feet on each side, and twenty feet in the rear of the property. Section 205.8 requires 30% of each commercial lot to be devoted to open space. Section 302.3 provides

> *Trash or Junk:* Except as provided in other Township Ordinances, the accumulation of trash or junk out-of-doors for a period in excess of thirty days is prohibited in all zones and the outdoor storage of trash or junk is prohibited in the front yard area in all zones.

Following a trial at which conflicting testimony was introduced on the question of the present use of the property and its use prior to 1974, the chancellor found the appellants to be in violation of the zoning ordinance and granted the injunctive relief requested by the township. He held that the defense of the existence of a nonconforming use was unavailable to the appellants under the rule enunciated in *Philadelphia v. Budney,* 396 Pa. 87, 151 A.2d 780 (1959). *See also Honey Brook Township v. Alenovitz,* 430 Pa. 614, 243 A.2d 330 (1968); *Township of Millcreek v. Hurst,* 27 Pa. Commonwealth Ct. 85, 365 A.2d 896 (1976); *Funk v. Township of Bensalem,* 17 Pa. Commonwealth Ct. 205, 342 A.2d 785 (1975). We agree.

In *Muncy Borough v. Stein,* 440 Pa. 503, 507, 270 A.2d 213, 215 (1970) the Court summarized the Budney rule as follows:

> As to the defense of nonconforming use, we held in *Honey Brook* and in *Philadelphia v. Budney,* 396 Pa. 87, 151 A.2d 780 (1959), that if the applicable zoning ordinance provides . . . an administrative machinery by which the right to continue the nonconforming use might be determined that such a defense cannot be raised in an equity proceeding. *See also Jonnet v. Bodick,* 431 Pa. 59, 244 A.2d 751 (1968). We stated that such matters are to be heard exclusively by the administrative tribunals.

Sections 406.8, 601.1, 601.2, and 601.7 of the Hopewell Township zoning ordinance provide for the registration of nonconforming uses and require the zoning officer to prepare and make available to landowner-applicants forms for the purpose of registration. The zoning officer testified that such forms were available but that the appellants never registered their sales yard. Having failed to avail themselves of the available administrative means of establishing that their

nonconforming use was lawful, the appellants are barred from defending an action to require them to conform to the use regulation on this ground.

The appellants also attack as insufficiently supported in the record the chancellor's finding that material has been stored on their yard in violation of the set back and open space provisions. Our scope of review with respect to a chancellor's findings of fact is limited indeed. *Commonwealth v. National Gettysburg Battlefield Tower, Inc.,* 8 Pa. Commonwealth Ct. 231, 302 A.2d 886 (1973). "[A] chancellor's findings of fact, approved by a court en banc, have all the force and effect of a jury's verdict if they are supported by adequate evidence and ordinarily will not be disturbed on appeal. . ." *Commonwealth Trust Company, Admr. v. Szabo,* 391 Pa. 272, 276-77, 138 A.2d 85, 87 (1957). Philip Fahs, the township zoning officer, testified that he had inspected the property on several occasions including the day immediately prior to the trial, and that junk vehicles and other discarded material were located in the front yard and in violation of side and rear yard set back requirements. Mr. Fahs estimated that from 90% to 95% of the area of the property was covered by such discarded material in violation of the 30% open space requirement. Photographs taken by Mr. Fahs were introduced in further support of these observations and testimony. Dr. W. D. Manifold, a longtime occupant of adjacent property, corroborated Mr. Fahs' testimony. The chancellor's findings are amply supported.

In a reply brief the appellants raise for the first time on this appeal the defense that their use of the property is not nonconforming but permitted, citing cases from other states holding that, absent a specific contrary provision in the zoning ordinance, set back requirements are not violated by the parking of auto-

mobiles in the restricted space. We need not decide whether these authorities support the contention that the storage of junked vehicles, appliances, and other material in the set backs and open space is a permitted use in Hopewell Township; this defense was waived by the failure of the appellants to assert it below. *See Matter of Franklin Township Board of Supervisors,* 475 Pa. 65, 379 A.2d 874 (1977); Pa. R. Civ. Pro. 1032.

Order affirmed.

ORDER

AND Now, this 8th day of July, 1981, the order of the Court of Common Pleas of York County is affirmed.