Walter Kuhl, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Thomas E. Doyle,* for appellant.

*William T. Jorden, Jorden and White,* for appellee.

OPINION BY JUDGE ROGERS, November 15, 1983:

Walter Kuhl has filed an appeal of a judgment of sentence to pay $1,400 imposed by the Erie County Court of Common Pleas after finding him guilty of the summary offense of violating a township zoning ordinance.

The appellant was charged with operating a landfill in a zoning district of Greene Township where such use was not permitted. A hearing was held before a district justice who found the appellant guilty and imposed a fine of $1,400. The Court of Common Pleas, after a trial de novo, also found the appellant guilty and reimposed the same fine.

The appellant testified that he had sought to register his landfill as a lawful nonconforming use but was refused registration by the township. A township witness testified that the appellant never applied. It is certain that the landfill was not registered and that the appellant did not appeal from the refusal of registration, if his version of this circumstance is factual.

The appellant here contends that the Court of Common Pleas erred in finding him guilty of violating the ordinance: (1) because he possessed a permit of the Department of Environmental Resources for the con-

struction and operation of a landfill so that the Greene Township zoning ordinance has been preempted by the Solid Waste Management Act, Act of July 31, 1968, P.L. 788, *as amended*, 35 P.S. §§6001-6017, and (2) because his landfill is a lawful nonconforming use because it existed before the enactment of the zoning ordinance.

The case of *Greene Township v. Walter Kuhl and/or Greene Landfill Inc.*, 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977), is directly on point and controls the appellant's first contention. We held in that case that the fact that the Department of Environmental Resources had issued permits for the construction and operation of a landfill did not excuse the landowner from complying with the zoning ordinances of the municipality within whose boundaries the landfill is located.

However, the appellant cites in support of his preemption argument the case of *Greensburg Sewage Authority v. Hempfield Township,* 5 Pa. Commonwealth Ct. 495, 291 A.2d 318 (1972), where the municipality had sought to regulate the means of sewage disposal by zoning and where we held that the subject was preempted by the Sewage Facilities Act, Act of January 24, 1966, P.L. [1965] 1535, 35 P.S. §750.1, and the Solid Waste Management Act, *supra*. This case is quite different from *Greensburg Sewage Authority*. The Greene Township zoning ordinance does not regulate the means by which landfills dispose of solid waste; it speaks only to where they may be located.

As noted, the appellant also contends that since his landfill operation allegedly predates the township's zoning ordinance, it was unnecessary for him to register the use before operating the landfill. *Philadelphia v. Budney,* 396 Pa. 87, 151 A.2d 780 (1959) established

the principle that property owners may not raise as a defense to an action seeking to restrain them from violating use restrictions, the fact that their activities predated the ordinance:

> The legislature has provided that zoning matters are to be heard exclusively by administrative tribunals which were created for that express purpose. . . . If we were to permit a person sought to be restrained from violating an ordinance, to introduce testimony of a nonconforming use, we would have equity courts replacing boards of adjustment. Instead of people seeking to enforce their rights through the proper administrative procedures, we would have them continue to violate the ordinances waiting for the city to bring an equity action at which time their right to a variance or a special exception would have to be litigated. This is contrary to the legislative directive in establishing both a procedure as well as a forum for zoning matters.

*Id.* at 89, 151 A.2d at 781. *See also Muncy Borough v. Stein,* 440 Pa. 503, 270 A.2d 213 (1970); *Pfeffer v. Hopewell Township,* 60 Pa. Commonwealth Ct. 399, 431 A.2d 1149 (1981).

If as the appellant testified, he sought and was improperly refused nonconforming use registration for the landfill, he should have pursued his rights through proper administrative channels.

Judgment of sentence affirmed.

## ORDER

AND Now, this 15th day of November, 1983, the judgment of sentence entered in the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.