550 A.2d 586

Ralph & Joanne's, Inc. *v.* Neshannock Township Zoning Hearing Board et al. The Township of Neshannock, Appellant.

Ralph & Joanne's, Inc. *v.* Neshannock Township Zoning Hearing Board et al. The Township of Neshannock, Appellant.

Argued October 6, 1988, before Judges BARRY and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Donald J. Nicolls, Balph, Nicolls, Mitsos, Flannery & Motto,* for appellant, Township of Neshannock.

*Richard A. Harper, Mansell & Jamison,* for Neshannock Township Zoning Hearing Board.

*Carmen F. Lamancusa, Lamancusa & Cilli, P.C.,* for appellee, Ralph & Joanne's, Inc.

OPINION BY SENIOR JUDGE BARBIERI, November 14, 1988:

The Township of Neshannock (Township) appeals the order of the Court of Common Pleas of Lawrence County that reversed an order of the Neshannock Township Zoning Board (Board) denying the application of Ralph & Joanne's, Inc. (Appellee) for a special exception. We reverse and reinstate the decision of the Board.

Appellee is the lessee of a storeroom and former retail grocery outlet located in a public strip shopping center zoned C-1, Limited Commercial District, and known as Call's Plaza in the Township of Neshannock near the outskirts of the City of New Castle. On September 22, 1986, Appellee applied to the Township zoning officer for a use permit to operate a banquet facility on these premises. The zoning officer denied the application on the grounds that a banquet facility was not a permitted use in a C-1 district as specified by Article IX, §901(A)(1) of the Neshannock Township Zoning Ordinance (Ordinance). Appellee subsequently applied for a special exception under Section 901(C)(1)(f) of the Ordinance and the matter came to a hearing before the Board on October 13, 1986.

An application for a special exception use must meet the following requirements under Section 901(C)(1)(f):

1) Pursuant to Section 1301.23 the proposed use must be a use of the same general character as the permitted uses in a C-1 district, which includes, in the present case, full-service and fast-service restaurants along with retail stores.

2) The use must comply with all the area and bulk regulations of the Ordinance. Most relevant to the present case is the parking requirement of Section 1308.2 of the Ordinance which requires that an unspecified use provide one parking space for every two proposed patrons or occupants.

The Board found that Appellee's proposed banquet facility would have a seating capacity of three hundred people and was designed to operate during evening hours between 7:00 and 11:00 p.m. No food would be prepared on the premises, all weddings and receptions would be catered. The Board determined that Appellee would have to provide parking spaces for one hundred

and fifty automobiles. Appellee shares Call's Plaza shopping center with eighteen other businesses, all of which, with the exception of a bank, are open to at least 9:00 p.m. There are 368 legal parking spaces available to serve the entire shopping center. The Board determined that the parking currently provided by the shopping center as a whole was nonconforming as the shopping center was built prior to the enactment of the present Ordinance, and it would take at least 511 spaces to accommodate the existing stores and tenants, irrespective of Appellee's proposed use. Consequently, the Board denied the application, concluding that there were insufficient parking spaces set aside for Appellee's proposed use when viewed in light of the parking needs of all the other occupants.

In addition, the Board determined that Appellee's use was not of the same general character as the uses permitted in a C-1 district. The Board stated that the element of three hundred people arriving and leaving a banquet at the same time had more in common with the permitted uses in a C-2 or Highway Commercial District, such as a church, municipal building or theater, than with a C-1 permitted use such as a fast-food restaurant. The Board further determined on the basis of a traffic survey that the influx and discharge of one hundred and fifty vehicles all at the same time through the four avenues of vehicular ingress and egress to the banquet hall would create a traffic hazard.

The trial court initially granted the Township leave to intervene, remanded to the Board for additional findings, and then reversed the Board without taking additional testimony. After the Township had appealed the trial court's order to this Court, the trial court issued an *ex parte.* order directing the Township to issue a use permit to Appellee. The Township has also appealed

this order and both appeals have been consolidated for our review.[1]

The trial court offered two separate theories for its reversal. First, the trial court concluded that since the shopping center itself was a nonconforming use, all the individual stores and businesses in it were also nonconforming uses. As such, the trial court stated that "the proposed use is not required to comply with any criteria in the Ordinance and, thus, a special exception and permit should have been granted by the Board." *Ralph & Joanne's, Inc. v. Neshannock Township Zoning Hearing Board et al.* (No. 244 of 1986, filed January 15, 1988), slip. op. at 9.

Additionally, the trial court concluded that even if the Board's special exception analysis was correct, it would still reverse the Board. The trial court found no substantial evidence to support the Board's findings that Appellee's proposed use would cause traffic congestion or an environmental impact greater than the uses permitted in a C-1 district. The trial court stated that the Board committed an error of law in comparing Appellee's proposed banquet facility to the uses permitted in a C-2 district and found as a matter of law that the proposed use was of the same general character as a restaurant. The trial court did concede that it was not mathematically possible for Appellee to meet the parking requirements of the Ordinance. However, the trial court summarily declared the Ordinance's parking requirement unconstitutional as an unreasonable restriction of Appellee's property rights and a taking without just compensation. We disagree with the trial court on all counts.

---

[1] Since we reverse the trial court and reinstate the decision of the Board, we need not deal with the trial court's second *ex parte* order directing that a use permit be issued.

We first deal with the trial court's nonconforming use analysis. A use has the status of a legal nonconforming use only if it existed on land when the zoning ordinance took effect. *Antonini v. Zoning Hearing Board of Marple Township,* 95 Pa. Commonwealth Ct. 420, 505 A.2d 1076 (1986). Appellee's proposed use as a banquet facility did not pre-date the Ordinance. Consequently, since this use did not exist when the Ordinance came into being, it cannot be nonconforming. The trial court's analysis would mean that the Township has no power to regulate any use within the shopping center. We further note that Appellee applied for a special exception, not a nonconforming use, and never registered his proposed use as a nonconforming use. *See Kuhl v. Commonwealth,* 78 Pa. Commonwealth Ct. 328, 467 A.2d 912 (1983).

With regard to the trial court's second basis for its reversal, it is hornbook law that where the trial court takes no additional evidence our scope of review is limited to determining whether the Board committed error of law or abuse of discretion, meaning that its findings were not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). It is also hornbook law that the Board's findings of fact shall not be disturbed by the trial court if supported by substantial evidence, and that the trial court may not simply substitute its own findings for the Board's because it disagrees with them. *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors,* 507 Pa. 481, 491 A.2d 86 (1985); *Appeal of Horsham Township,* 103 Pa. Commonwealth Ct. 508, 520 A.2d 1226 (1987).

This is exactly what the trial court has done in the present case. The Board found that Appellee's proposed use as a banquet facility had more in common with a theater or church use permitted in a C-2 district than

with a restaurant or retail store use which are permitted in a C-1 district. The Board cited as evidence the fact that no food was prepared on the premises and that all the patrons arrived and departed at the same time for a single event. The trial court looked at this evidence and determined as a matter of law that Appellee's proposed use was similar to a restaurant. This is a simple attempt to replace the Board's findings with the trial court's. It is the Board which is the fact finder, not the trial court, and we find that substantial evidence exists in the record to support the Board's findings.

Finally, the trial court is forced to concede, despite reversing every other finding of the Board, that Appellee cannot meet the parking requirements of the Ordinance. In *In Re Appeal of Zambrano Corp.,* 49 Pa. Commonwealth Ct. 6, 410 A.2d 1293 (1980), we held that the applicant for a special exception bears the burden of proving not only that the use he proposes is one allowed by special exception, but that he will comply with all requirements of the zoning ordinance relative to the use intended, including parking space requirements. Appellee's application is patently defective in that it cannot comply with such requirements. The trial court rectifies this situation by simply striking down the Ordinance's parking requirements as an unnecessary hardship which deprives Appellee of the use of its property.

However, the record and findings of the Board are devoid of any mention of hardship or unreasonable restriction. What is in the record is that Appellee's leasehold property has been used as a retail grocery outlet and storeroom for approximately thirty years. The trial court's taking analysis relies on *Robin Corp. v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). But in *Robin* the property owner contended that the zoning ordi-

nance in question was unconstitutional and confiscatory as applied and requested a curative amendment to rezone the property in question. This is a special exception case. Appellee has made no constitutional challenge to the Ordinance. Appellee does not seek to have its property rezoned. *Robin* is entirely inapplicable to the present situation. As the *Zambrano* case specifically notes, it is Appellee's burden to conform to the parking regulations in the zoning district where its property is located. Since Appellee failed to do this, its request for special exception must be denied. The order of the trial court is reversed.

## ORDER

NOW, November 14, 1988, the order of the Court of Common Pleas of Lawrence County at No. 244 of 1986, dated January 15, 1988, is hereby reversed and the decision of the Neshannock Township Zoning Hearing Board reinstated; the order of the Court of Common Pleas of Lawrence County at No. 244 of 1986 dated January 28, 1988, is hereby vacated.

Judge BARRY concurs in the result only.