601 A.2d 414

**John W. HEYMAN and Hillside Cemetery Company, Appellants,**

**v.**

**ZONING HEARING BOARD OF ABINGTON TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Dec. 12, 1991.

John W. Lauffer, for appellants.

Bruce J. Eckel, for appellee.

Eileen Quinn Juico, for intervenor, Township of Abington.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

John W. Heyman and Hillside Cemetery Company (collectively, Hillside) appeal an order of the Court of Common Pleas of Montgomery County which affirmed the decision of the Zoning Hearing Board (Board) of Abington Township to grant Hillside's request for a variance subject to certain conditions.

John W. Heyman is an officer of Hillside Cemetery Company which owns and operates Hillside Cemetery located at Susquehanna and Bradfield Roads in Roslyn. The cemetery consists of approximately one hundred and sixty-nine (169) acres and has been used continuously as a cemetery for over 100 years.

Hillside sought a variance to relocate the existing administration building to a four acre parcel of undeveloped cemetery property which is contiguous to Susquehanna Road. The parcel is currently zoned residential. The proposed project also involved the creation of an entrance for the cemetery off Susquehanna Road which would run through the four acre parcel and then connect with existing interior roads of the cemetery. On September 19, 1989, a hearing was held before the Board which subsequently granted the request for a variance subject to the following conditions:

1. No other building may be constructed on the four (4) acre parcel shown on the plans submitted with this application identified as Plan No. 5243 and for no use other than management and for administrative offices of the cemetery.

2. Plans for ingress/egress to the new building off Susquehanna Road are subject to PENNDOT approval but a "right turn only" exit onto Susquehanna Road is recommended by the Board.

3. The entrance located at Bradfield Road and Susquehanna Road must remain opened.

Hillside then filed an appeal to the common pleas court. By stipulation of the parties, the matter was remanded to the Board on May 9, 1990 "for revocation, reconsideration and/or clarification" of the conditions which the Board had imposed on the variance.[1]

A second public hearing was held on June 19, 1990, and the record of the September 19, 1989 hearing was incorporated into the official record. At this hearing, counsel for Hillside stated that it was willing to accept the second and third conditions. By decision dated July 31, 1990, the Board again granted the variance with essentially the same conditions imposed. The second and third conditions were identical to those imposed by the Board in its October 17, 1989 decision but condition number one was changed to read:

1. The use of the four (4) acre parcel identified in Plan No. 5243 shall be limited to cemetery purposes; and, there shall be no above ground interments or burials nor crematorium on the four (4) acre parcel.

Hillside then filed a notice of appeal to the common pleas court from the Board's July 31, 1990 decision. The common pleas court, without taking additional testimony, affirmed the decision of the Board. Appeal to this Court followed.

On appeal, Hillside argues that the imposition of a condition prohibiting interments on the subject property is an invalid limitation on a legal nonconforming use.

As a threshold matter, we consider whether Hillside has established that a nonconforming use extended over the four acre parcel in question. In order to establish a prior nonconforming use the landowner is required to provide objective evidence that the land was devoted to such use at the time the ordinance was enacted. *Lower Mount Bethel Township v. Stabler Development Co.*, 97 Pa.Commonwealth Ct. 195, 509 A.2d 1332 (1986), *petition for allowance of appeal denied*, 516 Pa. 620, 531 A.2d 1121 (1987). The burden of proving the extent or existence of a

1. We reject the argument that on remand the Board exceeded the scope of the remand stipulation.

nonconforming use rests on the property owner who would claim the benefit of the rights accorded property with that status. *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 49 Pa.Commonwealth Ct. 397, 412 A.2d 169 (1980).

■ Our review of the record reveals the following relevant testimony of Heyman:

[T]he portion of land on which we propose to build the new administration building is the only undeveloped land within ... the area of land that has been developed for burial use.

Now, gentlemen, that is not an oversight. Almost fifty years ago the Board of Directors at that time set aside this parcel of land as a future new site for a new office, new entrance into the cemetery and an administration building to be built within the cemetery grounds.

The testimony of Heyman also establishes that there are graves in the other sections bordering the four acre parcel but that a thick row of hedges and evergreens separates the four-acre parcel reserved for administration purposes from the burial sections. Heyman's testimony before the Board failed to establish the existence of a nonconforming use on this four-acre parcel as of the date that the zoning ordinance was adopted. *See Llewellyn's Mobile Home Court, Inc. v. Springfield Township Zoning Hearing Board*, 86 Pa.Commonwealth Ct. 567, 485 A.2d 883 (1984) (nonconforming use extended only to the lots which existed in the mobile home park as of the date the zoning ordinance was adopted and applicant was not entitled to an expansion as of right of the nonconforming use over property which had not been used to further the nonconforming purpose). *See also Overstreet* (a nonconforming use located on one part of a single tract did not extend to the other, unused portion of the same tract).

■ Hillside next argues that it has a right to expand its nonconforming use to accommodate an increase in business.

In *Peirce Appeal*, 384 Pa. 100, 105, 119 A.2d 506, 509 (1956), our Supreme Court discussed the right of expansion:

The clear implication of our decision in *Humphreys v. Stuart Realty Corporation*, 364 Pa. 616, 621, 73 A.2d 407, 409 [1950], is that a nonconforming use may be extended in scope, as the business increases in magnitude, over ground occupied by the owner for the business at the time of the enactment of the zoning ordinance. As our present Chief Justice pertinently stated in the *Humphreys* case, supra, 'a nonconforming use cannot be limited by a zoning ordinance to the precise magnitude thereof which existed at the date of the ordinance; it may be increased in extent by natural expansion and growth of trade, neither is it essential that its exercise at the time the ordinance was enacted should have utilized the entire tract upon which the business was being conducted. *In re Gilfillan's Permit*, 291 Pa. 358, 362, 140 A. 136, 138; *Haller Baking Co.'s Appeal*, 295 Pa. 257, 261, 262, 145 A. 77, 79; *Cheswick Borough v. Bechman*, 352 Pa. 79, 82, 42 A.2d 60, 62.'

In *Peirce*, the applicant sought to expand his building by enclosing a lean-to and a portion of his lot which had been used as an open storage and work area. The Court held that the applicant had a right to expand his nonconforming use to land which had been devoted to his business purpose at the time of the adoption of the zoning ordinance. The applicant also sought permission to include another portion of his yard which was immediately adjacent to the portion already used for the nonconforming business use. The Court stated that "if the use of such additional property is reasonably necessary in order to accommodate the requirements of the natural growth of the business, the appellant's remedy would be by way of a variance. . . ." *Id.*, 384 Pa. at 106, 119 A.2d at 510.

In the instant case, Hillside is asserting a right to expand its business to include burials in an area which, according to Heyman's testimony, was expressly set aside as a site for a new administration building. As in *Peirce*, if this property

is necessary to accommodate the natural growth of Hillside's business, its remedy is to apply for a variance for the express purpose of expansion, which is exactly what Hillside did. However, the *present* needs of the four-acre tract for burial purposes was never asserted by Hillside. To the contrary, Judge William T. Nicholas best summarized the evidence in this regard as follows:

> Appellants at no point testified that the growth of their business required conducting burials on the four (4) acre parcel. Appellant's own testimony indicated that quite the opposite is true. Appellants testified that, apart from the four (4) acre parcel, the area of the cemetery currently devoted to burials contains 50,000 burial units plotted but still unsold. Appellants testified that these units will guarantee continuing business to appellants for the next 500 to 700 years. (N.T., 6/19/90 Hearing, pp. 24–25 and N.T., 9/19/89 Hearing, p. 25). Appellants can thus hardly complain that business necessity compels them to conduct burials on the four (4) acre parcel. There is nothing to prevent appellants from approaching the Board for reconsideration if, at some future date, business necessity should indeed compel an expansion of their burial grounds.

█ Lastly, Hillside argues that the condition imposed by the Board on the grant of the variance was not reasonable under the circumstances. Hillside maintains that it is not reasonable to prevent interments on the four acre parcel because burials are the sole reason for the existence of a cemetery.

Section 910.2(b) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.2(b),[2] provides that "[i]n granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance." Section 101 of the

2. Section 910.2 was added by Section 89 of the Act of December 21, 1988, P.L. 1329.

Abington Township Zoning Ordinance,[3] provides in pertinent part: "This Ordinance is enacted for the following purpose: to promote the health, safety, morals and general welfare of the inhabitants of the Township of Abington by lessening congestion in the streets; securing safety from fire, panic and other dangers...."

The Board found that "traffic along Susquehanna Road is heavy and the proposed building and associated uses being proposed will have an adverse impact on traffic and safety in and out of itself." Testimony before the Board expressed concern that, if burials were permitted on the four acre parcel, traffic generated by funeral processions could back up onto Susquehanna Road and cause congestion thereon. Residents also voiced concern for the physical safety of students attending an elementary school located directly across the street from the four acre parcel. Testimony was also presented on the emotional impact on the students of interments being conducted in their view. Based on this testimony we hold that the Board could have reasonably concluded that imposing the condition prohibiting interments on the parcel in question was necessary to further the purposes of the zoning ordinance. *See Everson v. Zoning Board of Adjustment*, 395 Pa. 168, 149 A.2d 63 (1959) (board did not abuse its discretion in requiring applicant to landscape and pave the open parking lot to protect neighboring residences from lights, noise, gas fumes, dust and gravel, and, because of limited parking areas on the streets, to provide a paved off-street parking area for its employees).

Based on the above discussion, we affirm the order of the Court of Common Pleas of Montgomery County.

## ORDER

NOW, December 12, 1991, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

3. Ordinance No. 1469, enacted August 10, 1978.