720 A.2d 127

LATROBE SPEEDWAY, INC. and
Chester M. Aretta, Appellees,

v.

ZONING HEARING BOARD OF UNITY TOWNSHIP,
WESTMORELAND COUNTY, Pennsylvania,
Appellant.

Supreme Court of Pennsylvania.

Argued March 10, 1998.

Decided Nov. 23, 1998.

584

William c. Stillwagon, Greensburg, for Zoning Hearing Bd. of Unity Tp.

John M. O'Connell, Jr., Greensburg, for Latrobe Speedway and Chester Aretta.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

The Unity Township Zoning Hearing Board appeals from the decision and order of the Commonwealth Court reversing the order of the Westmoreland County Common Pleas Court, which denied Appellees' application for an occupancy permit to operate an automobile racetrack on property owned by Latrobe Speedway, as a prior nonconforming use. The Commonwealth Court remanded to the Unity Township Zoning Hearing Board with direction that the requested occupancy permit be granted. We affirm.

Latrobe owns a 35–acre tract of land near Pleasant Unity, Pennsylvania, which was used as a stock-car speedway from 1977 to 1982. Between 1982 and 1994, no racing or other activity was conducted on the premises. The physical components of the racetrack, the track, grandstands, fence, light stands and out-buildings, remain on the property; however, these structures have deteriorated over the years to the extent that they are not usable for any purpose.

On December 7, 1994, Latrobe leased the property to Appellee, Chester Aretta. Aretta sought to use the premises for stock car racing and applied for a development occupancy permit for nonconforming use to operate the existing racetrack.[1] Unity Township had enacted a zoning ordinance in 1991 that designated for agricultural use the area that included the racetrack. Unity Township's zoning officer denied the permit on the grounds that the use of the property as a racetrack had been abandoned. The officer therefore concluded that Aretta's use of the property as a racetrack would violate Section 118–42(C) of the 1991 ordinance, which provides:

In the event that a nonconforming use, conducted in a structure or otherwise, ceases, for whatever reason, for a period of one (1) year or is abandoned for any period, such nonconforming use shall not be resumed.

---

1. Alternatively, Aretta sought a variance to conduct racing activity on the property. The disposition of Aretta's variance request is not implicated in this appeal.

Aretta appealed the zoning officer's denial to the Board. At the March 28, 1995 hearing before the Board, Latrobe's sole stockholder testified that he never intended to abandon the use of the property as a racetrack. As evidence of his intent, he noted that he faithfully paid property taxes based on the property's assessment as a racetrack. He also testified that he attempted more than 23 times to lease or sell the site as a racetrack before he finally entered into the lease agreement with Aretta.

The Board unanimously concluded, however, that because no racing activity had been conducted on the property for nearly 14 years, both before and after the zoning ordinance had been enacted, Latrobe had abandoned the previously permitted use of the property as a racetrack facility. Accordingly, the Board affirmed the zoning officer's decision.

Appellees appealed to the common pleas court, which, for different reasons, affirmed. The court found that no abandonment analysis was necessary because Latrobe failed to satisfy the threshold requirement of showing that the property had nonconforming use status, i.e., by demonstrating that the property was being used for a nonconforming purpose at the time the 1991 zoning ordinance was enacted.

The Commonwealth Court reversed, noting first that the issue addressed by the common pleas court was subsumed by the proper issue, namely, whether the nonconforming racetrack use had been abandoned by Latrobe within the meaning of Section 118–42(C) of the Township ordinance. The court pointed out that "[i]f the nonconforming use was abandoned, it would not have been in existence at the time of the enactment of the ordinance; if the nonconforming use was not abandoned, it was in existence at this time." *Latrobe Speedway v. Zoning Hearing Board of Unity Township*, 686 A.2d 888, 890 (Pa.Cmwlth.1996). The court then concluded that the Board erred as a matter of law in shifting the burden of proof to Appellees to disprove abandonment.

We granted allowance of appeal to address the following two issues:

1. Whether the Commonwealth Court erred in reversing the court of common pleas' determination that before considering a question of abandonment, the threshold issue was whether the landowner established that the property had nonconforming use status at the time the relevant zoning ordinance took effect.

2. Whether the Commonwealth Court, in finding that the Board improperly placed the burden of proof on Appellees, itself improperly placed both the burden of proof and the burden of persuasion on Appellant in reversing the Board's decision.

Turning to the first issue, we agree with the Commonwealth Court that the issue addressed by the common pleas court is dependent upon a determination of the second issue. Accordingly, the Commonwealth Court correctly held that the common pleas court addressed the wrong issue as a threshold matter.

The common pleas court relied on the Commonwealth Court's decisions in *Ralph & Joanne's, Inc. v. Neshannock Township Zoning Hearing Board,* 121 Pa.Cmwlth. 83, 550 A.2d 586 (Pa.Cmwlth.1988), and *Heyman v. Zoning Hearing Board of Abington Township,* 144 Pa.Cmwlth. 167, 601 A.2d 414 (Pa.Cmwlth.1991), as support for its assertion that a use has the status of a legal nonconforming use only if it existed on land when the zoning ordinance took effect. While this principle is correct, neither *Ralph & Joanne's* nor *Heyman* involved, as here, a determination of whether an undisputed prior use of the subject property had been abandoned at the time the zoning ordinance took effect. In *Ralph & Joanne's,* the landowner's proposed use of the property, a banquet facility, undisputedly did not pre-date the ordinance. In *Heyman,* there was no dispute that the subject land, a four acre parcel of the landowner's 169 acre parcel, was undeveloped and not used for any purpose prior to the development sought by the landowner therein. Accordingly, in those cases, it was clear that the uses at issue did not exist at the time the subject ordinances were enacted.

■ Here, unlike *Ralph & Joanne's* and *Heyman*, the property was used for racing before the ordinance was enacted. Therefore, the significant question is whether this use was abandoned prior to the time the ordinance was enacted. If the use was abandoned, our inquiry ends since the use, unquestionably, would not have been in existence at the time the ordinance was enacted. If, however, the use was not abandoned, then it existed at the time the ordinance was enacted. Section 118–42(B)(1) of the Township's zoning ordinance specifically permits the continuation of prior lawful uses existing at the time of its enactment. This section states:

> Continuation. The lawful use of any lot, building or structure which is existing and lawful at the time of the enactment of this chapter or, in the case of an amendment to this chapter, at the time of such an amendment may be continued except as hereinafter provided, although such use does not conform to the provisions of this chapter or subsequent amendments.

This Court has specifically held that the use in question need not be in actual operation at the time of the ordinance's enactment in order to retain its nonconforming status. In *Haller Baking Company's Appeal*, 295 Pa. 257, 262, 145 A. 77, 79 (1928), we rejected the lower court's interpretation of similar language as requiring that the use at issue be in actual or substantial operation at the time the ordinance is enacted in order to retain its nonconforming status.

The landowner in *Haller* erected a building in 1915, part of which was for stabling horses. The stable portion of the building contained 25 horse stalls. The property was used for stabling animals until 1924, when the business utilizing the building ceased. In 1927, a zoning ordinance was enacted and the property in question was designated residential. A permitted accessory use of the property was for use as a "minor stable," which allowed for the stabling of four animals. A "major stable," which allowed for the stabling of more than four animals, was not permitted in the district pursuant to the ordinance. The ordinance, however, allowed for the continua-

tion of prior nonconforming uses except where the use had been discontinued.

The appellant, the purchaser of the property, sought a certificate of occupancy for the purpose of maintaining the property as a major stable as a prior nonconforming use. The zoning board denied the certificate based on its conclusion that at the time the zoning ordinance became effective, the property was not actually being used as a major stable. The lower court affirmed this decision, holding that because there had been no real or substantial use of the building as a stable since 1925, and, specifically, when the ordinance was enacted, a continuation of the prior use as a major stable was not warranted.

This Court rejected the lower court's analysis, noting, first, that the language of the ordinance permitting the continuation of lawful uses was not restrictive regarding the extent, quantity or quality of the use mentioned, but only that it existed.[2] We then concluded that because the ordinance clearly intended to protect existing uses,

> [t]he use for which the property is adapted need not be in actual operation at the time of the adoption of the ordinance, if the attending circumstances connected with the property bear out the conclusion that the owner intended to use the property for that purpose. Thus, where an owner temporarily fails to have a tenant in his storeroom the day such ordinance is passed, though his tenant has left but a short time before, and he is expecting or endeavoring to procure a new one, such circumstance would not deprive him, under the zoning ordinance, of the right to continue the use of the property for which it was adapted merely because at the date of the ordinance it is not in actual use, although it is in potential use. It had use before, intent to continue,

**2.** The relevant language of the ordinance provided:
> The lawful use of land existing at the time of the adoption of this ordinance, although such use does not conform to the provisions hereof, may be continued, but, if such nonconforming use is discontinued, any future use of said land shall be in conformity with the provisions of this ordinance.

*Id.* at 260, 145 A. at 78.

and an effort made to effectuate the purpose. Where a property is built for or adapted to a particular use, the question of existing use is determined by ascertaining as near as possible the intention of the owner, in connection with the fact of a discontinuance or apparent abandonment of use; it is not to be determined on the basis of actual or substantial use on the date of the adoption of the ordinance.

*Id.* Based on the foregoing, it is clear that the Commonwealth Court correctly held that the common pleas court focused on the incorrect issue. We now turn to the remaining issue before us.

The Board concluded that because the Township specifically included a provision in its ordinance dealing with the cessation of a use for a period of one year, the burden of disproving an intent to abandon the use rested with the applicant, Aretta. The Board further held that although Appellees presented evidence contradicting an intent to abandon the use of the property as a racetrack, the Board ultimately concluded that "[t]he failure to conduct racing activity and the complete disrepair of the property, create a presumption that the owner, ... intended to abandon said usage." Board's opinion at 10. Based on this conclusion, the Board held that the prior use of the property as a racing facility had been abandoned.

The Commonwealth Court held that the Board improperly placed the burden of disproving abandonment on Appellees. The court held that pursuant to our decision in *Pappas v. Zoning Board of Adjustment of the City of Philadelphia,* 527 Pa. 149, 589 A.2d 675 (1991), it is the burden of the party asserting abandonment to prove both that the landowner intended to abandon the use and that the use was actually abandoned.

In *Pappas,* we analyzed a zoning provision similar to Section 118–42(C) of Township's ordinance. The relevant section specified:

A nonconforming use when discontinued for a period of more than three consecutive years shall be considered abandoned and may not be resumed, and any subsequent use of

the land or structure must comply with the use requirements of the district in which it is located. . . .

*Id.* at 153, 589 A.2d at 677. The appellant in *Pappas* purchased property, which, at the time, had a sandwich shop/restaurant on the first floor and apartments on the upper floors. The appellant continued to operate the restaurant until May of 1981, when all of the tenants' leases expired. With the premises vacant, the appellant began renovations of the building to expand the restaurant. The restaurant was not in operation for a period of over three years, although the renovations were proceeding.

In May of 1984, the appellant received a letter notifying him that certain building permits that were previously issued were being revoked and stating that the building had lost its nonconforming use status because the restaurant was not in operation for a period of three years.

On appeal, the zoning board concluded that because appellant failed to establish that the nonconforming use was discontinued for a period of three years or less, such use was abandoned pursuant to the zoning ordinance. We rejected this reasoning, noting that in previous decisions we held that abandonment of a nonconforming use could not be shown by mere proof of failure to use the property for a certain period of time. *Id.* citing *Appeal of Township of Upper Darby,* 391 Pa. 347, 138 A.2d 99 (1958); *Haller; Smith v. Board of Zoning Appeals of the City of Scranton,* 74 Pa.Cmwlth. 405, 459 A.2d 1350 (Pa.Cmwlth.1983). Moreover, we noted that the burden of proof of abandonment is on the party asserting the same. Thus, we held that the board erred as a matter of law in placing the burden of proof on the appellant.

This author wrote a concurring opinion, emphasizing the distinction between the burden of proof placed upon the party asserting abandonment of a nonconforming use and the burden of persuasion placed upon the party challenging the claim of abandonment when a zoning code provision governing discontinued use has been adopted. Where the zoning ordinance in question fails to specify a period of time following which a

nonconforming use is considered to be abandoned, "the party asserting abandonment must introduce evidence to establish (1) an intent to abandon the use, and (2) that the use was abandoned." *Id.* at 156, 589 A.2d at 678 (Zappala, J., concurring). Where, as here, however, a discontinuation provision is provided in the ordinance, such provision "creates a presumption of the intent to abandon the use by the expiration of the designated time." *Id.* "Absent any evidence to the contrary, the lapse of the designated time will be sufficient to establish an intent to abandon the use." *Id.*

 We now adopt the following analysis set forth in this author's concurring opinion in *Pappas:*

> Failure to use the property for a designated time provided under a discontinuance provision is evidence of the intention to abandon. The burden of persuasion then rests with the party challenging the claim of abandonment. If evidence of a contrary intent is introduced, the presumption is rebutted and the burden of persuasion shifts back to the party claiming abandonment.
>
> What is critical is that the intention to abandon is only one element of the burden of proof on the party asserting abandonment. The second element of the burden of proof is actual abandonment of the use for the prescribed period. This is separate from the element of intent.

*Id.*

 Here, Appellees failed to use the property in excess of one year, the statutorily prescribed period. Thus, a presumption of an intent to abandon the use of the property as a racetrack arose. Appellees, the party with the burden of persuasion, presented evidence to rebut this presumption. Specifically, as relied upon by the Commonwealth Court, Appellees provided the following evidence:

> First, the property is assessed as a racetrack, and Latrobe has continued to pay yearly property taxes pursuant to that assessment. Second, although the structures on the property are in disrepair, no attempt had been made to dismantle these structures or otherwise convert the use on this thirty-

five acre tract. Third, since racing activity ceased, Latrobe has negotiated with twenty-three persons, aside from Aretta, for the sale or lease of the premises as a racetrack. That Latrobe was not able to come to terms with these persons indicates a financial circumstance explaining the non-use of the premises.

*Latrobe,* at 890.

We agree with the Commonwealth Court that the foregoing evidence was sufficient to rebut the presumption that Appellees intended to abandon the use of the property as a racetrack. Thus, the burden of persuasion shifted back to the Township to demonstrate abandonment. As the Township failed to present further evidence, it clearly failed to sustain its burden of demonstrating that the use of the property for racing activity was actually abandoned for the prescribed period. Accordingly, the use of the property as a racetrack facility existed at the time the zoning ordinance was enacted. The Commonwealth Court, therefore, properly remanded the matter for the grant of Appellees' requested occupancy permit.

Based on the foregoing, we affirm the order of the Commonwealth Court.