William Edmonds, Appellant,
v.
Tinicum Township Zoning Hearing Board, Marianne R. Fluehr and Brian J. Fluehr
No. 1775 C.D. 2008.
Commonwealth Court of Pennsylvania.
Argued: June 11, 2009.
Filed: August 14, 2009.
BEFORE: PELLEGRINI, Judge; BUTLER, Judge; FRIEDMAN, Senior Judge.

OPINION NOT REPORTED
MEMORANDUM OPINION BY SENIOR JUDGE FRIEDMAN[1]
William Edmonds (Edmonds) appeals from the August 29, 2008, order of the Court of Common Pleas of Bucks County (trial court), affirming the decision of the Tinicum Township Zoning Hearing Board (ZHB) to deny Edmonds' request for an interpretation of the Tinicum Township (Township) Zoning Ordinance (Ordinance) that would permit Edmonds to construct a proposed dwelling at 2 Bridge Five Lane (Property) as the continuation of a lawful, non-conforming use. We reverse.
Situated on the Property is a one-story, single-family home built in 1962 that was damaged in September of 2004 by flooding caused by Hurricane Ivan.[2] On September 20, 2004, the Township's Code Enforcement Officer inspected the Property, and, by letter dated October 12, 2004, declared the Property uninhabitable. (ZHB's Findings of Fact, Nos. 10, 16; R.R. at 47a.)
On July 15, 2005, less than one year later, Edmonds bought the Property from his cousin, (R.R. at 37a), planning to tear down the damaged structure and erect a new dwelling. (ZHB's Findings of Fact, Nos. 20, 55.) Prior to his purchase, Edmonds had hired Christopher Sipes of Keystone Architecture to study the problem of reconstructing a home on the Property. (ZHB's Findings of Fact, Nos. 53, 55.) As a result of his study, Sipes concluded that it would be cost prohibitive to rebuild the damaged structure; Sipes proposed a new, cantilevered structure on piers within the existing structure's footprint. (ZHB's Findings of Fact, Nos. 56, 63-64.)
In 2007, the Township's Zoning Officer denied Edmonds' application for a zoning permit to construct the new structure, explaining that, although the old structure had non-conforming status, Edmonds abandoned that non-conforming status pursuant to section 1104 of the Ordinance, which requires that the reconstruction of a non-conforming structure commence within one year of its destruction by flooding. (R.R. at 45a.)
Edmonds filed an appeal with the ZHB, seeking an interpretation of the Ordinance that would allow Edmonds to erect the new building as the continuation of a non-conforming structure. (R.R. at 34a.) However, the ZHB agreed with the Zoning Officer and ruled that Edmonds had abandoned the non-conforming status pursuant to section 1104 of the Ordinance by failing to rebuild the structure within one year after the flooding.[3] (ZHB's op. at 7.) Edmonds appealed to the trial court, which affirmed the ZHB. Edmonds now appeals to this court.[4]
Edmonds argues that, because the Township failed to present evidence that Edmonds intended to abandon the non-conforming status of the structure, the ZHB erred in concluding that he had done so. We agree.
The burden of proving abandonment of non-conforming status is on the party asserting the same. Latrobe Speedway, Inc. v. Zoning Hearing Board, 553 Pa. 583, 720 A.2d 127 (1998). Abandonment of a non-conforming use cannot be shown by mere proof of failure to use the property for a certain period of time. Id. Where a zoning ordinance contains a "discontinuation provision," such provision creates a presumption of the intent to abandon non-conforming status by the expiration of the designated time. Id. at 592, 720 A.2d at 132. The burden then shifts to the party challenging abandonment. Id. If that party introduces evidence of a contrary intent, the party has rebutted the presumption, and the burden shifts back to the party claiming abandonment. Id.
In this case, section 1104 of the Ordinance is a discontinuation provision stating that a non-conforming building wholly or partially destroyed by flood may be reconstructed, provided that reconstruction of the building is commenced within one year from the date the building was destroyed or condemned. Because Edmonds did not commence reconstruction of the non-conforming structure within a year of its condemnation, a presumption arose that Edmonds intended to abandon the structure's non-conforming status.
However, the ZHB found that: (1) Edmonds hired an architect before purchasing the property to determine the feasibility of simply rebuilding the existing structure; and (2) when Edmonds bought the Property, less than one year after the flood damage, he intended to erect a new dwelling. These findings successfully rebut the presumption that Edmonds intended to abandon the non-conforming status of the structure. The burden then shifted back to the Township. However, the Township presented no evidence to show that, despite Edmonds' efforts to rebuild on the footprint of the flood-damaged structure, (ZHB's Findings of Fact, No. 63), Edmonds actually intended to abandon the structure's non-conforming status. Because the Township failed to meet this burden of proof, we conclude that the ZHB erred in denying Edmonds' request for permission to build the new dwelling as the continuation of a non-conforming structure.
Accordingly, we reverse.[5]

ORDER
AND NOW, this 14th day of August, 2009, the order of the Court of Common Pleas of Bucks County, dated August 29, 2008, is hereby reversed.
CONCURRING OPINION BY JUDGE PELLEGRINI
While I disagree that the proposed new dwelling unit would be a continuation of a non-conforming use because "construction" of the new dwelling was not begun within one year and it is bigger and different, I also would reverse the Tinicum Township Zoning Hearing Board because it erred in failing to grant William Edmonds (Edmonds) the necessary variances.
Edmonds owns .61 acres of property (Property) located in Tinicum Township within the residential-agricultural zoning district. The Property is subjected to several overlay districts and has contained a single-family residence as a permitted use since 1962. The original structure on the Property, which suffered severe flood damage in 2004, was comprised of 2,340 square feet of interior living space, and had a small patio attached measuring 196 square feet with a 280 square foot concrete pad adjacent to the dwelling. It is in a flood zone.
Subsequent to a flood that significantly damaged the previous dwelling, Edmonds consulted with an architect to design a structure that could sit above the flood line but would also be within the 30-foot height limit imposed by the Township zoning ordinance. The new proposed structure was to be a two-story single-family dwelling which would be approximately 3,300 square feet of living space. Only 281 square feet of living space would actually make contact with the ground because the structure would be cantilevered above the ground and supported by piers which would be located in the footprint of the original structure. The new structure would not increase any dimensional non-conformities enjoyed by the original structure, and would actually decrease the non-conformity related to impervious surface coverage. It also complies with flood plan regulations.
In August 2007, Edmonds filed an application with the Zoning Hearing Board seeking, among other things, variances from Section 401.3 and Section 806(c)(7) of the zoning ordinance. Those sections deal with area regulations for single-family dwellings and building on riparian buffers, respectively. After a hearing, the Zoning Hearing Board concluded that Edmonds' variance requests failed because they would alter the essential characteristic of the neighborhood, they were not the minimum relief necessary, and the minimum variance would recreate the existing structure as far as possible rather than create a larger structure.
There are essentially four factors that an applicant must prove to be entitled to a variance: (1) that an unnecessary hardship exists which is not created by the party seeking the variance and which is caused by the unique physical circumstances of the property for which the variance is sought; (2) that a variance is needed to enable reasonable use of the property; (3) that the variance will not alter the essential character of the district or neighborhood or substantially or permanently impair the use or development of adjacent property such that it is detrimental to the public welfare; and (4) that the variance will afford the least intrusive solution. Larsen v. Zoning Board of Adjustment of the City of Pittsburgh, 543 Pa. 415, 672 A.2d 286 (1996).
In the present case, the Zoning Hearing Board determined that Edmonds had satisfied the first two requirements for the granting of a variance, but concluded that because the new structure would be significantly larger and taller, it would alter the character of the neighborhood and was not the least intrusive solution. However, the structure would be located in the residential-agricultural zoning district and would continue to be a residential dwelling. Further, the change in height would still be within the 30-foot limitation set by the zoning ordinance. Because it is within the height limitations and, by definition, could not alter the characteristics of the neighborhood, the Zoning Hearing Board erred in denying the variance on that basis.
Further, the Zoning Hearing Board held that in order for the variance to be the minimal relief necessary, Edmonds should have attempted to recreate the previous structure as closely as possible. However, recreating the former structure would be impossible due to the necessity of complying with flood plan regulations. In any event, the proposed structure would be completely within the footprint of the former structure, would not increase any of the non-conformities of the original structure, and would actually reduce the dimensional non-conformities of the original structure in regard to impervious surface area. Given all that, the cantilever construction is necessary for the main dwelling to sit above the hundred year flood level and is the minimum relief necessary.
Because Edmonds satisfied his burden to obtain the requested variances, I also would reverse the Zoning Hearing Board and direct that the variances needed to build the requested structure be granted.
NOTES
[1] This case was reassigned to the opinion writer on July 16, 2009.
[2] The ZHB found that the structure on the Property was non-conforming with respect to the lot size, its location within a flood plain, its impervious surface ratio and setbacks. (ZHB's op. at 7.)
[3] In the alternative, Edmonds sought variances from section 401.3 of the Ordinance (relating to area requirements) and section 806.c.7 of the Ordinance (relating to the construction of a single-family dwelling within a riparian buffer). (R.R. a 34a.) The ZHB denied Edmonds' request for these variances.
[4] Because the parties presented no additional evidence before the trial court, our scope of review is limited to determining whether the ZHB committed an abuse of discretion or an error of law. Taliaferro v. Darby Township Zoning Hearing Board, 873 A.2d 807 (Pa. Cmwlth.), appeal denied, 585 Pa. 692, 887 A.2d 1243 (2005).
[5] Because of our disposition of the non-conforming use issue, we need not address the ZHB's denial of Edmonds' request for variances.