# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Karbrokers, LLC, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : No. 1351 C.D. 2017 |
| | : Argued: April 10, 2018 |
| Lower Windsor Township Zoning | : | |
| Hearing Board and Lower Windsor | : | |
| Township and Red Lion Municipal | : | |
| Authority | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                    **FILED:  July 17, 2018**

Before this Court is the appeal of Karbrokers, LLC (Appellant) from the September 1, 2017 order of the Court of Common Pleas of York County (Trial Court), which denied its appeal of the January 16, 2017 decision of the Lower Windsor Township Zoning Hearing Board (ZHB).  By its decision, the ZHB sustained the decision of the Township Zoning Officer that Appellant's non-conforming use had been abandoned.  Following Appellant's filing of a notice of appeal of the ZHB's decision, two additional parties intervened: Lower Windsor Township (Township) and Red Lion Municipal Authority (Authority).   For the following reasons, we affirm the order of the Trial Court.[1]

---

[1] Where, as here, the trial court has taken no additional evidence, appellate review is limited to determining whether the zoning hearing board committed an error of law or a manifest abuse of discretion. *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 721 A.2d 43, 46

Since 2011, Appellant has been the owner of two tracts of land located in the Township, in Red Lion, Pennsylvania (Property).[2]  In August 2016, Appellant submitted to the Township a Certificate of Non-Conformance, requesting certification that the Property had a prior nonconforming use as a junkyard and body shop; the Township Zoning Officer denied the request, and Appellant appealed to the ZHB.  (Original Record (R.) Item 14, Decision of ZHB, Findings of Fact (F.F.) ¶¶ 37-38.)  After an appeal hearing, the ZHB sustained the decision of the Township Zoning Officer, and Appellant appealed to the Trial Court.  The Trial Court took no additional evidence and, by order dated September 1, 2017, upheld the decision of the ZHB.  (R. Item 2, Trial Court Order.)

The Township Zoning Ordinance provides, in Section 508D.4, entitled "Abandonment,"

> A nonconforming use shall be presumed as abandoned when there occurs a cessation of any such use or activity by an apparent act or failure to act on the part of the tenant or owner to reinstate such use within a period of one (1) year from the date of cessation or discontinuance.  Such use should not thereafter be reinstated and the structure shall not be re-occupied except with conformance with this ordinance.

(R. Item 14, Lower Windsor Township Zoning Ordinance.)  As the ZHB correctly noted in its decision, Section 508D.4. of the Zoning Ordinance is what is recognized as a "discontinuance provision" within zoning ordinances, which create a

_____

(Pa. 2004).  An abuse of discretion will be found only where the zoning hearing board's findings are not supported by substantial evidence.  *Id*.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.

[2] Ivar DeJong, the sole owner of Karbrokers, LLC, acquired an equitable interest in the Property sometime between June 2007 and December 2008; however, Karbrokers, LLC (here Appellant) did not obtain legal title to the Property until September 16, 2011.

2

presumption of the intent to abandon the use by the expiration of the designated time. The ZHB found, *inter alia*, that certification had been issued to the previous owner of the Property in 2007, and a junkyard license was issued in February 2008. (R. Item 14, F.F. ¶¶ 22-23.) A 2008 letter from the Township Zoning Officer advised the previous owner that noted deficiencies, such as lack of a gated fence, at the junkyard location would have to be addressed prior to issuance of a license for 2009. (*Id*., F.F. ¶¶ 24-25.) The license was not renewed, and no applications were made to the Township until the Certificate of Non-Conformance was requested in 2016. (*Id*., F.F. ¶¶ 33-37.) The ZHB found that at the hearing, the Township Zoning Officer testified that from her inspection of the Property in 2009, there was no indication of a junkyard in operation, with no machinery visible on the Property that would shred or break up metal or prepare metal for transport, and no abandoned or wrecked vehicles. (*Id*., F.F. ¶¶ 43-45.) The ZHB found that there were periods of time where a license was not issued due to pending litigation affecting the Property, possibly between 2009 and 2011, and that Appellant had not paid taxes for some period of time. (*Id*., F.F. ¶ 51.) It found that in 2011, an attorney for Appellant inquired as to the level of detail required for a land development plan, but there was no further interaction regarding such a plan between 2011 and 2014, and no plan was ever submitted. (*Id*., F.F. ¶¶ 52-53.) The ZHB found that Appellant's explanations for inaction were not credible and not supported by the evidence and testimony offered. (*Id*., F.F. ¶ 55.) It was noted that multiple surrounding property owners appeared at the hearing and offered testimony to support the assertion that Appellant intended to abandon the pre-existing nonconforming use. (*Id*., F.F. ¶ 57.)

Upon review, we find that the ZHB committed no error of law or abuse of discretion. In its September 2017 opinion, the Trial Court set forth the events presented by Appellant as evidence of its intent to use the Property as a junkyard and

3

body shop, namely retention of several different attorneys in 2011, 2014 and 2015, and a meeting with the Township in 2012 to discuss a waiver of the requirement for a land development plan, and concluded that notwithstanding this evidence, Appellant failed to establish "the continued intent not to abandon the nonconforming use during the year 2013." (R. Item 2, Trial Court Opinion at 7.) The Trial Court further opined,

> This view is further supported because [ZHB] specifically found that some of [Appellant]'s case is not credible. Credibility determinations are at the sole discretion of [ZHB]. If [ZHB] found the evidence for the other years to be not credible, then [Appellant] did not meet [its] burden there either.

(*Id*. at 8.) The Trial Court opined that Appellant's credibility was compromised by its failure to produce tax returns, noting that by simply writing a letter to the ZHB of its intent to continue the use or by asking for an update, Appellant would have established the continued intent not to abandon the nonconforming use during the year of 2013. (*Id*.)

Pennsylvania law is clear that the abandonment of a nonconforming use requires an intent to abandon as well as actual abandonment. *Pappas v. Zoning Board of Adjustment of the City of Philadelphia*, 589 A.2d 675 (Pa. 1991). Before this Court, Appellant argues that intent could not be found because it offered sufficient evidence contrary to abandonment. Appellant asserts that once such evidence was offered, the burden of proof shifted back to the Township, as the party claiming abandonment. However, our Supreme Court has made clear that failure to use a property for the designated time under a discontinuance provision – here, one year from the date of cessation or discontinuance – is evidence of the intention to

4

abandon. *Latrobe Speedway, Inc. v. Zoning Board of Unity Township*, 720 A.2d 127 (Pa. 1998). In *Latrobe*, the Court held that when such intention to abandon is established, the burden rests with the party asserting nonconforming use, and only evidence of an intent not to abandon can rebut the presumption and shift the burden back to the opposing party to demonstrate such abandonment. *Id*. at 132. In *Latrobe*, the evidence presented and deemed adequate to rebut the presumption of an intent to abandon the use of a property as a racetrack included the payment of yearly property taxes by the owner, absence of any attempt by the owner to dismantle the structures on the property or otherwise correct their use, and multiple attempts by the owner to sell or lease the premises as a racetrack. *Id*. Here, the ZHB did not find adequate credible evidence to negate the presumption of intent to abandon and to properly shift the burden.

Furthermore, even if the burden of persuasion had rested with the Township, the record reveals substantial evidence to demonstrate both the intent to abandon and the actual abandonment of the nonconforming use. Evidence showed that Appellant removed all junk and salvage vehicles from the Property in 2009. That fact alone is sufficient to support a finding of intent to abandon. There is no evidence in the record, including from Appellant's own testimony at the hearing, to support the explanation that he removed all junk and salvage vehicles so as not to be operating a junkyard in violation of the junkyard ordinance when he no longer had a junkyard license. Neither is there evidence that the Township at any time required Appellant to remove equipment from the Property. Appellant testified that even after he acquired the deed to the Property in 2011, he did not apply for a reinstatement of a junkyard license or permit. The only evidence he submitted concerning junkyard use concerned his interaction with the Township in 2012 regarding the need for a land development plan for the Property and a 2014

5

appearance before the Township supervisors wherein a waiver was requested from the land development plan requirement.[3] (R. Item 14, Exhibit 4 at 84-86; Reproduced Record (R.R.) at 97a-99a.) Although Appellant stated that he entered into an installment payment plan with the tax claims bureau (*id*. at 81-82; R.R. at 94a-95a), the ZHB specifically found that Appellant's explanation for his inaction with regard to the payment of taxes to be not credible. (R. Item 14, Exhibit 1.) It is well established that this Court may not substitute its interpretation of the evidence for that of the ZHB and it is the function of the ZHB, as sole judge of the credibility of witnesses and the weight afforded their testimony, to weigh the evidence before it. *Tri-County Landfill, Inc. v. Pine Twp. Zoning Hearing Bd*., 83 A.3d 488, 518 (Pa. Cmwlth. 2014).

Accordingly, we affirm the Trial Court.

_____
**JAMES GARDNER COLINS, Senior Judge**

---

[3] The record includes minutes from the December 11, 2014 meeting of the Township Board of Supervisors, indicating as part of "New Business" the following:

> Ivar DeJong & Attorney William Poole – Attorney Poole came before the Board to request a waiver of providing a land development plan for a junk yard for his client, Ivar DeJong, for [Property]. Solicitor Herrold explained to Attorney Poole that nothing has been submitted yet to the Township and therefore the Board had nothing to review or supply a waiver for. Solicitor Herrold stated that something first has to be submitted regarding the intent with the property.

(R. Item 14, Exhibit 22.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karbrokers, LLC,               :
                                      :
              Appellant        :
                                      :
              v.                 : No. 1351 C.D. 2017
                                      :
Lower Windsor Township Zoning     :
Hearing Board and Lower Windsor    :
Township and Red Lion Municipal    :
Authority                                :

# O R D E R

AND NOW, this 17th day of July, 2018, the September 1, 2017 order of the Court of Common Pleas of York County in the above-captioned matter is AFFIRMED.

 

**_____**
**JAMES GARDNER COLINS, Senior Judge**