**Jackson Twp. v. Dizzy Dottie, LLC**

116

C.P. of Monroe County, No. 3069 CIVIL 2012.

*John B. Dunn,* for plaintiff.
*Ira E. Weiner,* for defendant.

WILLIAMSON, *J.,* January 25, 2013—On April 17, 2012, Plaintiff Jackson Township (hereinafter "plaintiff"), filed a complaint in equity averring two (2) counts for relief against the defendant, Dizzy Dottie, LLC. (hereinafter "defendant"). Count I of the complaint seeks to enjoin the defendant from conducting a non-permitted use in violation of the current Jackson Township Zoning Ordinance, including operation as an "adult business" at the subject premises it occupies at Route 715 and Doll Road, Reeders, Jackson Township, Pennsylvania (hereafter "premises"). Count II sought an injunction to enjoin the defendant from occupying or using the premises for any purpose until such time as the defendant secures a zoning permit for an allowable use at the premises. The defendant owned and operated a business known as "Thrills" at the premises. In a separate matter, plaintiff also filed a petition for supplemental relief on April 17, 2012, seeking

to enjoin and abate further violations under 68 Pa. C.S.A. §5503(b) and (d) at the premises in case No. 4487 Civil 2010. This court disposed of that petition by orders dated September 21, 2012 and September 27, 2012 and opinion of October 9, 2012.

In this matter, defendant filed an answer and new matter and plaintiff then filed a reply to new matter. On August 7, 2012, plaintiff filed a motion for a final hearing. The defendant filed an answer to the motion for final hearing and a cross-motion to hold a scheduling conference. On August 15, 2012, this court issued an order granting a final hearing and denying defendant's request for a scheduling conference. A hearing in this matter was subsequently held on October 23, 2012. Following the hearing, this court granted the parties until November 5, 2012 to file any supplemental briefs. Both parties filed briefs and we are now ready to dispose of this matter.

## BACKGROUND

On October 29, 2010, in case No. 4487 Civil 2010, the Honorable President Judge Ronald E. Vican granted permanent injunctive relief to Jackson Township and against Dizzy Dottie, LLC for violation of the Jackson Township Zoning Ordinance.[1] Judge Vican concluded in that case that Dizzy Dottie, LLC (also the defendant in this case), was operating a business at the premises that constituted an adult cabaret ("adult business") in a zoning district in which it was not permitted. Judge Vican also

1. Judge Vican has since taken senior status and case No.4487 Civil 2010 was reassigned, together with this matter, to the Honorable David J. Williamson.

granted Jackson Township's request to enjoin and abate violations of 68 Pa. C.S.A. §5503 (b) and (d). This resulted in an order prohibiting Dizzy Dottie, LLC, or anyone else, from occupying or using all or any part of the premises for a period of one year (from October 19, 2010 to October 19, 2011).

Defendant filed post-trial motions in that matter which were denied by order entered November 5, 2010. The defendant appealed to the Commonwealth Court of Pennsylvania which filed an opinion and order on December 2, 2011 affirming the trial court. By order dated July 17, 2012, the Pennsylvania Supreme Court denied Dizzy Dottie's petition for allowance of appeal. Dizzy Dottie, LLC then re-opened for business as "Thrills" at the premises in October 2011, at the expiration of Judge Vican's order prohibiting any use at the premises.

## DISCUSSION

Plaintiff now seeks an injunction barring defendant from any further non-permitted use of the premises under the Jackson Township Zoning Ordinance, including as an adult business. Plaintiff also seeks an injunction barring the defendant from occupying or using the premises for any purpose until such time as they apply for and obtain a zoning permit for a permitted use. Although set forth as separate counts in the complaint, both essentially seek the same remedy, arising out of similar facts and circumstances.

"In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief."

*J.C. Ehrlich Co., Inc. v. Martin,* 979 A.2d 862, 864 (Pa. Super. 2009), citing *Pestco v. Associates Products Inc.,* 880 A.2d 700, 710 (Pa. Super. 2005) (citation omitted). ". . . [U]nlike a claim for a preliminary injunction, the party need not establish either irreparable harm or immediate relief and a court may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Id.*

Following Judge Vican's rulings, plaintiff, as a result of joint regional and ongoing efforts with other municipalities, (that commenced in November 2006 with the adoption of a regional joint comprehensive plan), adopted amendments to the Jackson Township Zoning Ordinance ("new ordinance"). These amendments were adopted in October 2011 before defendant re-opened for business. Prior to adoption of the new ordinance in 2011, an adult business was allowed only in an industrial zone. The new ordinance continues to allow adult businesses only in the industrial zone; however, a conditional use hearing is now required. The new ordinance defines an adult business under section 27-1602 of the ordinance. Neither the old ordinance nor the new ordinance permit an adult business in any other zoning district.

Judge Vican ruled that defendant's use of the premises was an adult cabaret, which he found to be an "adult business" under the old ordinance. An adult cabaret is now included in the definition of an "adult business" under the new ordinance.

Under the old ordinance in effect at the time of Judge

Vican's ruling, the premises was located in a commercial zoning district. The new ordinance has since changed the zoning districts, and the subject premises is now located in an R-1 (low-density residential) zoning district. An adult cabaret and an adult business are not permitted in either the commercial or residential zoning districts under both the old and new ordinance. Also, in the current R-1 zoning district, a food and beverage facility (bar/restaurant) is not a permitted use. Such an establishment is allowed in the commercial zoning district under both the old and new ordinances.

The parties stipulated that the prior use of the premises before it became the "Thrills" establishment, was an eating and drinking establishment (bar/restaurant). At that time, an eating and drinking establishment was a permitted use at the premises because it was in a commercial zone, and such use was allowed in that zone. Judge Vican found in his opinion of October 19, 2010 that the defendant had changed the use from an eating and drinking establishment to an adult cabaret, which was an adult business use, and thus, prohibited in that zoning district. Judge Vican also found that the defendant never applied for a zoning permit for the change of use. Following Judge Vican's opinion, the defendant conducted no use at the premises from October 19, 2010, until October 19, 2011.

In our orders of September 21 and September 27, 2012 and opinion of October 9, 2012, at Case No. 4487 Civil 2010, (in the same case Judge Vican heard), we found that the defendant continued an adult business at the premises after October 19, 2011. We further found the defendant's

activities were again a violation of 68 Pa. C.S.A. 5503 (b) and (d) and ordered no further use of the premises for a period of one year. No appeal was taken. This court incorporated the record from case No. 4487 Civil 2010 into the hearing in this matter in the interest of judicial economy and by stipulation of the parties. Therefore, we recognize the findings in that case of both this court and Judge Vican.

By our opinion of October 9, 2012, we specifically found in Conclusion of Law No. 3 that defendant was operating as an adult-oriented establishment as defined at 68 Pa. C.S.A. §5502. In our Findings of Fact, we noted several examples of conduct occurring at the premises since October 2011 that constituted adult entertainment. The current Jackson Township ordinance, adopted October 13, 2011, provides a definition for adult entertainment at section 27-1602 that is substantially similar to the definitions set forth at 68 Pa. C.S.A. §5502. The activity and conduct this court found in its opinion of October 9, 2012 that constituted an adult business, is the same activity and conduct described in the Jackson Township Zoning Ordinance. Such activity is not allowed in any area *other than* the industrial zoning district. This is the same zoning requirement in place both before defendant's use as an adult business, and after October 19, 2011 when defendant resumed its operation of the adult business.

It is also noted that the new Jackson Township ordinance defines "adult entertainment" as live entertainment where a person appears in a state of nudity. Nudity or state of nudity is defined in the ordinance as "the showing of the

human male or female genitals or pubic area with less than a fully opaque covering, or the showing of the female breast with less than a fully opaque covering or any portion thereof below the top of the areola." *See* Section 27-1602. As we found in our opinion of October 9, 2012, individual dancers and waitresses were showing the female breast with less than a fully opaque covering or any portion thereof below the top of the areola. Adult entertainment is included in the definition of an adult business. These activities clearly constituted use as an adult business after October 19, 2011, as defined by statute and the definition of the current Jackson Township Zoning Ordinance.

The evidence also showed defendant had no permit for its use as an adult business. Furthermore, defendant can make no claim for a non-conforming use as an adult business, nor was a non-conforming certificate issued for such a use. An adult business use was never permitted under the zoning ordinance in the zoning classification where the premises is located, either under the old ordinance or the new ordinance. Incorporating the record of 4487 Civil 2010 and referencing the terms of the Jackson Township Zoning Ordinance, it is clear that defendant is violating the township zoning ordinance by operating an adult business.

Since the adult business use was a change in use that was not permitted, the plaintiffs request for relief to enjoin further violation of the township zoning ordinance is warranted. Due to the defendant's change in use, and the fact such use was not permitted, the plaintiffs request to enjoin any further use as an adult business as defined in

the township zoning ordinance is granted. As for any other non-permitted uses defendant may make at the property after September 27, 2013,[2] such conduct is better addressed in the discussion section of this opinion regarding count II of the complaint.

In count II of plaintiff's complaint, the plaintiff asserts the defendant either ceased permitted activities at the premises, or never legally operated a permitted use because they never acquired a zoning permit. Plaintiff also argues the defendant abandoned any legal non-conforming use of the property and can only conduct uses allowed under the new zoning ordinance. As part of the zoning changes enacted in October 2011, the premises are now located in an R-1 (low density residential) zoning district. Previously, the zoning district for the premises was commercial. Plaintiff seeks to enjoin any use without defendant first obtaining a zoning permit. This relief would also address any other non-permitted use of the property.

Incorporating the record of case No. 4487 Civil 2010, and referencing the facts introduced in this case, defendant and/or its predecessor(s), used or occupied the premises as an eating and drinking establishment prior to operating an adult business. Such a use is permitted in the commercial zoning district under both the old and new ordinance. At the time of operation as an eating and drinking establishment, prior to defendant's use as an adult business, the premises

---

2. Per this court's order of September 21 and 27, 2012, and opinion of October 9, 2012, defendant is already permanently enjoined from occupying or using any part of the premises for any purpose whatsoever for a period of one year from September 27, 2012 — September 27, 2013.

was zoned commercial.

Per the ruling of Judge Vican, the defendant changed the use to an adult business by operating an adult cabaret. While there continued to be eating and drinking, the court specifically found the use had changed. No change of use application was submitted. No non-conforming certificate was obtained. No zoning permit was issued for the adult business use. This change in use occurred prior to Judge Vican's opinion of October 19, 2010 and the ensuing closure of defendant's business for one year.

Defendant opened for business again after October 19, 2011. Defendant's use as an adult business continued, at least until the summer of 2012 (per testimony at the hearings held in 4487 Civil 2010 and findings of this court therein). Defendant neither applied for a zoning permit nor a non-conforming certificate. In fact, defendant's use as an adult business was not permitted, nor could a non-conforming certificate be issued, because the use was never permitted at the premises. Defendant never sought a zoning permit or a non-conforming certificate for any use at the property, and still had not done so at the time of hearing in this matter. This included the defendants' alleged change of use back to an eating and drinking establishment.

The plaintiff asserts that due to the change in use as an adult business, defendant no longer has a permitted use as an eating and drinking establishment. That use was changed prior to Judge Vican's ruling of October 19, 2010. To re-establish such a use, or any other use, plaintiff asserts the defendant must obtain a zoning permit. A zoning permit

can only be issued for a permitted use, or one in which the party is entitled to by a valid non-conforming use. An eating and drinking establishment is no longer a permitted use at the premises. Plaintiff claims the prior use was abandoned and defendant cannot continue the prior use as a non-conforming use.[3] As such, plaintiff argues defendant should be enjoined from operating for any purpose until a zoning permit is secured.

The defendant argues they have established a non-conforming use at the property as an eating and drinking establishment. At the very least, they contend they never stopped being an eating and drinking establishment, even while operating as an adult business. In support thereof, defendant points to the fact food and beverages were served at the premises, during the time it operated as an adult business (or adult cabaret).

Preliminarily, we note the claim of a non-conforming use is properly raised in an administrative proceeding at the Township Zoning Hearing Board, and thus, a defense of non-conforming use cannot be raised in an equity proceeding. *See Pfeffer v. Hopewell Township*, 431 A.2d 1149 (Pa. Cmwlth. 1981). Provided the zoning ordinance contains a procedure to secure a certificate of non-conforming use, that procedure is the proper method to litigate a right to a non-conforming use. *Id.* Here, the Jackson Township Zoning Ordinance has such a procedure, and the defendant should avail itself by that administrative

---

3. Defendant contended at hearing in this matter that they would, or already had, stopped use as an adult business only.

process.

However, since the plaintiff seeks to enjoin any further use at the premises, including as an eating and drinking establishment (bar/restaurant), and the defendant contends they never stopped such a use, this court must analyze the issue further. Plaintiff contends the defendant changed (and therefore abandoned) a permitted use when it changed the use from a bar/restaurant to an adult business (adult cabaret) prior to Judge Vican's October 19, 2010 opinion. Plaintiff asserts, and we agree, the defendant never obtained a permit for the change of use. Plaintiff states the use as a bar/restaurant was abandoned by the defendant, and such use is no longer permitted at the premises under the new ordinance. Plaintiff contends there is no non-conforming certificate of record or established non-conforming use. Therefore, plaintiff claims only uses conforming to the R-1 zoning district are appropriate.

That may be correct; however, this court finds that such a determination should be made before the appropriate administrative body procedure set forth above. It is premature for this court to make findings with regard to abandonment of a use and non-conforming uses. The process dictates that the defendant seek a zoning permit for an intended use. The zoning officer then determines whether to issue the permit or not. The defendant then follows the administrative process of appealing the zoning officer's decision.

What this court can review at this time is whether or not an injunction should be issued enjoining further use

in the absence of a zoning permit. This court cannot issue declaratory relief where none is requested. Therefore, the issue for this court to decide is whether or not a zoning permit is needed before any further activity is conducted at the premises.

The testimony showed a change of use to an adult business. Judge Vican's ruling and the ruling of this court in case No. 4487 CV 2010 confirmed this change. The defendant never sought a zoning permit. Therefore, for at least the last three (3) years, the defendant has operated without a zoning permit. During that time, a zoning permit was required for any change of use. Thus, even if defendant has now changed his use from an adult business to some other use, he must obtain a zoning permit under both the former and current zoning ordinance. It makes no difference that defendant chose to operate his business for a use that is not permitted at the premises (adult business), or that he has now changed it to one previously conducted at the premises. It also makes no difference that there was eating and drinking at the premises during the time defendant operated an adult business.

The defendant changed the use when it began operation as an adult business. The former and new zoning ordinance require a zoning permit for any change of use. The defendant failed to obtain a zoning permit when he allegedly changed his business back to a bar/restaurant from an adult business sometime in the summer of 2012. Any use he now makes, or will make in the future, will be a change in use, and requires a zoning permit under the

ordinance. Therefore, it is proper to enjoin the defendant from any further use at the property until such time as it secures a zoning permit, in accordance with the zoning ordinance. Whether or not such use applied for by the defendant is permitted will be left to the zoning officer and any administrative procedures of the township.

## ORDER

And now, January 25, 2013, following a hearing in this matter, it is ordered and decreed as follows:

1. Count I of the complaint seeking to enjoin the defendant from use of the premises as an adult business is granted.

2. Count II of the complaint seeking to enjoin the defendant from occupying or using the premises for any use until such time as a zoning permit is obtained is granted.

3. Defendant Dizzy Dottie, LLC, doing business as Thrills, is permanently enjoined from occupying or using the premises at Route 715 and Doll Road as an adult business. The Defendant Dizzy Dottie, LLC, doing business as Thrills, is also permanently enjoined from occupying or using the premises for any use until such time as a zoning permit is obtained from Jackson Township.